## WILLIAM LAWRENCE v. THEOPHILUS SIMONTON.

Where there was a contract (a bond for title) for the sale of "a certain tract or parcel of land, described by surrounding tracts, "by estimation containing four hundred acres," for the round price of eight hundred dollars, in the absence of any averment that the vendor knew the true quantity of the land, and that he fraudulently represented it to be four hundred acres when he knew it to be less, or of any averment which would require the contract to be construed as if the words "by estimation" had not been inserted, it was held that a deficiency of twenty acres in the quantity of the land did not entitle the purchaser to a corresponding abatement of the purchase money.

Where the vendor in a bond for title for the sale of land, sues for the purchase money, and the vendee alleges the refusal of the vendor to make title, the vendor should be required to deposit the title in Court to be delivered to the vendee, on payment of the sum adjudged.

See this case as to the certainty which is required, (in an action for the recovery of the purchase money,) in pleading a refusal to make title, or an inability to make a good title, as stipulated in a bond to convey.

Error from Robertson. This action was brought by the defendant in error against the plaintiff in error on two promissory notes. The defendant answered, and upon exceptions by plaintiff his answer was ruled out, whereupon he filed the following amended answer:

"And now comes the defendant and for answer saith, that "at the time of executing said notes, the said plaintiff and "defendant entered into a contract by which the said plaintiff "sold to said defendant four hundred acres of land, which is "described in a bond herewith filed as a part of this answer, "and marked A, and the said defendant paid to said plaintiff "four hundred dollars, and executed the two notes now sued "on. And defendant avers that it was mutually understood "by the parties, that the payment of the last note and exe- "cution of a good and valid deed in fee simple, were to be "simultaneous acts and were to be performed at the same time; "that upon the said defendant paying the full amount of said "notes, the plaintiff was to make a good and sufficient title

" to the land mentioned in the said bond ; that it was known " to the plaintiff that there were some difficulties to prevent " his then being able to make to the defendant a good and " sufficient title, and he, said plaintiff, undertook and promised " to remove every difficulty so as to be able to perfect the same, " which was and is in his power to do, but which he has and " does fail to do. And defendant says that there is about " twenty acres less in said tract than said plaintiff represented.

" That defendant has always been willing, and has often " offered said plaintiff to pay the money, if the said plaintiff " would make the deed according to his contract, which plain- " tiff refused to do, to defendant's damage of five hundred " dollars. And defendant now offers to pay whatever sum " may be due on account of said notes, but protests that he " ought not to be compelled to pay any interest since he made " the said offer to pay, which was on the 18th of September, " A. D., 1850, nor the costs of this suit.

" Defendant further says that he is ready and willing to per- " form his part of said contract, but that plaintiff has and " does refuse to perform his, by making a good deed. He " pleads said bond in reconvention, and says that by plaintiff's " failure to procure and make the title according to their con- " tract, he has sustained damages to the amount of five hun- " dred dollars for which he prays judgment.

" Wherefore, defendant prays for a judgment compelling " said plaintiff to procure a good and sufficient deed in fee " simple for the said land, and for a reasonable deduction for " whatever amount it shall contain less than four hundred " acres ; and for his damages aforesaid ; and that said plain- " tiff be restrained from collecting said money until he com- " plies with his said contract, and he prays for general relief."

The condition of the bond was, that whereas the plaintiff " has sold to the aforesaid William Lawrence a certain tract " or parcel of land being and lying in the county of Robert- " son and State aforesaid and on the waters of Campbell's " creek, being the place on which the said Simonton has for-

"merly resided, and which is bounded as follows, by a tract "of land on the east claimed by Wooton and Scott, on the "South by Wilson Reed's headright, on the West, by Camp-"bell's labor, on the North by A. T. Moss, and wholly by "estimation contains four hundred acres: now if the said "Theophilus Simonton shall make or cause to be made a good "and sufficient title in fee simple to the said William Law-"rence when the said Lawrence shall make the following pay-"ments, viz: four hundred dollars in hand in property, two "hundred dollars due next Christmas twelve months, and two "hundred dollars due three years from this time, then the "above obligation shall be void, otherwise in full force and "effect."

To the sufficiency of this amended answer, the defendant also excepted, and his exception was sustained; and the defendant declining to amend further, judgment was rendered for the plaintiff.

*Lewis & Barber*, for plaintiff in error.

HEMPHILL, CH. J. This was a suit on two promissory notes given for a part of the purchase money of a tract of four hundred acres of land. The defendant's first answer was demurred out; he amended, and demurrer was also sustained to his amended answer; judgment went against him and he brought up the cause on writ of error.

The only assignment worthy of notice is the alleged error in sustaining exceptions to the answers of the defendant. Taking the amended answer as setting forth the best case which the defendant could make for himself, it appears that as a partial defence against the note, he sets up a deficiency in the quantity agreed to be sold him to the amount of twenty acres.

In answer to this, it may well be said that (as appears from the title bond) the land was not sold by the acre, or as amount-

ing to a precise and definite quantity, but as containing, by estimation, four hundred acres. The rule is, that where the lands are mentioned in a conveyance as containing so many acres " more or less," or so many acres by estimation, if there be a small portion more than the quantity, the vendor cannot recover it, and if there be a small portion less, the vendee cannot obtain compensation for the deficiency. (Sugden, 292; Dart. 308; 6 Ves. Jun. 208.)

Where the contract rests *in fieri*, if the quantity be considerably less than stated, the purchaser will be entitled to an abatement in price, though the agreement contains the words " more or less," or, by " estimation."

The cases do not appear to have defined the precise effect of the words " more or less " or by " estimation ;" they have been held to cover a deficiency of five out of forty-one acres, but not of one hundred out of three hundred and forty-nine acres. (1 Ves. & B. 375; 2 Russel, 570.)

The defendant does not aver that the plaintiff knew the true quantity of the land, and that he fraudulently represented the amount to be four hundred acres, when he knew it to be less; (Sugden, 293;) nor does he make any averments which would require the contract to be construed as if the words " by estimation" had not been inserted, and we are of opinion that the deficiency in the quantity is not sufficient to authorize any abatement in the price, and that there was no error on this ground in sustaining the plaintiff's demurrer.

The other ground assumed in the answer consists of obscure and evasive hints or statements in relation to there being some difficulties in the way of the plaintiffs making a title, and that these difficulties were known to the plaintiff, and that he promised and undertook to remove them, and that it is in his power to do so, but that he fails to fulfil his promise, that he has always been ready and has offered to pay if the plaintiff would make the deed according to the contract, which plaintiff has refused to do; and he prays for judgment compelling the plaintiff to procure a good and sufficient deed in fee simple for the said land.

The averments do not amount to an allegation of a refusal to make title or conveyance. If they did, the exception should have been overruled, and the plaintiff required to deposit the title in Court to be delivered to the defendant on payment of the sum adjudged. They intimate that there is some outstanding title, or that the full title is not in the plaintiff, but they do not state or describe this outstanding title, or the defect or "difficulty" in the title of the plaintiff. The averments are too obscure and ambiguous; they do not set forth facts with such a certainty as to show that there does exist a valid objection to the title of the plaintiff, and that the defendant was not precluded from taking advantage of such defect of title.

We are of opinion that there was no error in the judgment and that it be affirmed.

Judgment affirmed.