WILLIAM C. TAYLOR v. ALEXANDER JOHNSTON AND AN-
OTHER.

Error of the Court in overruling a plea, cannot be obviated after judgment by
filing record evidence of a fact which would have avoided the plea.

Where the vendor is to make title upon the payment of notes given for the
purchase money, it is not an answer to the suit, to allege merely that the
title has not been made and tendered to defendant.

Where the vendee, under an executory contract, was sued for a balance of the
purchase money, and pleaded an outstanding incumbrance, of which he had
no knowledge at the time of the purchase ; that he had made valuable im-
provements, for which he claimed damages ; and also claimed a return of
purchase money paid, and prayed that plaintiffs be enjoined from further
prosecuting the suit, until they should discharge the incumbrance, and de-
posited in Court a good title to the land ; it was held that a general excep-
tion to the plea was improperly sustained, on the ground that the defendant
was entitled to have the collection of the purchase money withheld until the
incumbrance was discharged.

Error from Cherokee. Tried below before the Hon. John
H. Reagan.

After judgment, plaintiff filed a copy of the judgment in the
suit of Truit and others against the defendants in error, from
which it appeared that the land which the latter had sold to
Taylor, the defendant in this suit, had been released from the
incumbrance ; and they prayed, in the event a transcript
should be made up for the Supreme Court, that the said copy
of decree be certified as a part of the record. The filing of
said copy was recited in the judgment, and execution was or-
dered to be stayed until [plaintiffs filed a deed with general
warranty, to the land. The deed was filed also.

The exception of plaintiffs to defendants answer was general.
The Court sustained an exception to plaintiff's replication.
The other facts are stated in the Opinion.

Taylor v. Johnston.

*A. J. Hood,* for plaintiffs in error. I. The plaintiffs had no right of action on the last note, until they tendered a deed. (10 Tex. R. 371 ; 1 Sug. on Vend. 271.)

II. In support of the second plea, Brock v. Southwick, 10 Tex. R. 65 ; Carter v. Carter, 5 Id. 93 ; Stewart v. Jessell, 9 Id. 395; 1 Sug. on Vend. 388 ; Johnson v. Reed, 9 Mass. R. 81 ; Fishback v. Williams, 3 Bibb, 342 ; Wolf v. Durst, 10 Tex. R. 427 ; Jones v. Taylor, 7 Id. 240 ; Story Eq. Sec. 104, 778.

*Donley & Anderson,* for defendants in error, argued that it was manifest that the plaintiff in error was striving merely for delay, and that the manifest justice of the case had been attained, inasmuch as the judgment withheld execution until a deed with general warranty should be filed, which had been filed, and also a copy of the decree in the suit of Truit and others v. Johnston & Dewbury, showing that the land was released from the incumbrance.

ROBERTS, J. Plaintiff in error was not bound to take notice of the proceedings which took place on the part of defendants in error after trial. What was done by them was simply a gratuity. The time for the contestation of facts having passed by, any addition to the judgment prejudicial to his interest, founded on facts then introduced, would have been erroneous. Whether prejudicial or beneficial, it cannot affect the merits of the controversy, as it stood at the time of the trial. Therefore the only assignments of error that will be further considered, are :

1st. The Court erred in sustaining plaintiffs' exceptions to all of defendant's answers except the general denial.

2d. The Court erred in overruling defendant's exceptions to plaintiffs' replication, or amended petition.

The first special plea stated that this note, with another that had been paid, was given in purchase for a tract of land,

for which defendant below had received from plaintiffs below a title bond with a condition as follows : " Now if the said " Alexander Johnston and John Dewberry will make a fee " simple deed to the within described land, to the said William " C. Taylor, whenever the said Taylor pays the amounts speci- " fied in the notes," &c., the obligation will be void.  It was also averred by defendant Taylor, that plaintiffs, Johnston & Dewberry, had not, before bringing suit, tendered a deed for the land.  The dates of the maturity of the notes were the times fixed when Taylor was to perform his part of the obli- gation, and " whenever " he did so, and not before he did so, the obligation of Johnston and Dewberry to make a deed ac- crued.  This plea is founded on the idea that a tender of the deed was a pre-requisite to the action on the note, and is therefore bad.  (Lawrence v. Simonton, 13 Tex. R. 220 ; Bridge v. Young, 9 Id. 401.)

The second plea, in addition to the facts set out in the first, stated that before the execution of the title bond, Johnston & Dewberry had executed a mortgage upon this, as well as other lands, for a large sum of money, to Truit and others ; that suit had been instituted to foreclose said mortgage, and was then pending ; and that by reason thereof, Johnston and Dew- berry could not make a good title, and that the land would be sold in satisfaction of said mortgage.  It stated also that Taylor had made valuable improvements on the land, and claimed damages therefor, and that the money already paid thereon be refunded.  It stated that he had no knowledge of the existence of said mortgage at the time of giving the notes, and prayed that Johnston and Dewberry be enjoined from fur- ther prosecuting their suit, until they shall have discharged said lien, and deposited in Court a good title to the land.

To this, plaintiffs below replied, in effect, that the lien upon the land had been released.

Here was an issue of fact which would have. enabled the parties to have settled, by the aid of a jury, the truth of the

matter in dispute, to wit :    Was there a valid existing incum-
brance upon the land?    If there was not, there was no obsta-
cle to a judgment on the note.    If there was, the Court was
enabled to settle the equities and secure the rights of the par-
ties, by withholding the collection of the money until the lien
was discharged.    (Bridge v. Young, 9 Tex. R. 401 ; Perry
v. Rice, 10 Id. 373 ; Tarpley v. Poage, 2 Tex. R. 148.)

And had Taylor placed Johnston and Dewberry in default,
by tendering the whole of the purchase money, at the time it
was due, and demanding a title, and they had refused to make
it, or been unable to make it, then the Court might have gone
further, and required a deed to be deposited to be delivered
upon payment of the money.    (Lawrence v. Simonton, 13
Tex. R. 220.)

The Court should have sustained both the plea and replica-
tion.    Judgment reversed and cause remanded.

Reversed and remanded.