WILLIAM M. WALTON AND OTHERS v. WILLIAM C. REAGER, ADM'R.

See this case for an answer consisting of legal conclusions, deductions from facts not disclosed, and vague references to facts dimly portrayed, which was held not to show any defence on the ground of fraud or mistake, in a suit for the purchase money of a tract of land sold at administrator's sale, and purchased by one of the defendants.

The rule of *caveat emptor*, means that the purchaser must exercise his own judgment upon whatever he reasonably has the means of exercising his judgment upon, pertaining to the thing sold; and in administrators' sales of land, this extends to the title.

Where the representation of an administrator that his intestate had good title, and that he can make a good title to the land, is but the honest expression of his opinion or judgment, upon facts equally well known to the purchaser at the time, as to the administrator, it does not relieve the purchaser from the rule of *caveat emptor*, which requires him to exercise his own judgment as to the title, upon the known facts.

Error from Travis. Tried below before the Hon. Thomas H. DuVal.

Suit by defendant in error, administrator of William Baker, deceased, against plaintiffs in error, on a note for $904. Answer as follows:—

That the said note, sued upon, was given as the consideration for a certain tract of land, purchased by one of these defendants at an administration sale by the said Reager, of the assets, belonging, and believed to belong, to the estate of William Baker, deceased; which said land is described as follows: For more certainty, however, reference is here made to the original deed of conveyance, executed and delivered by said Reager, as administrator to said purchaser at the time of the execution and delivery of said note sued upon, which deed is herewith filed marked Exhibit E, and prayed to be taken as part hereof.

And for further answer, defendants say, that the said Reager, proceeding as the administrator of the estate of said Baker, deceased, as aforesaid, sold by mistake the afore-described premises as property belonging to his said intestate's estate; and that he

was misled to said mistake by a combination of facts and circum-stances, the truth of which he could not determine without minute research and investigation; although these defendants are advised and believe, that the said plaintiff was acting in good faith and honest motive in the matters and things done and performed by him relative to the sale of said land as property of the said Baker's estate; but that he was wholly mistaken in what he did, and was misled so to do, by the appearance of facts which did not exist. Defendants would further show that they are advised and believe, and therefore charge, that said described premises, for which the cause of action in this suit was given, did not in fact belong to said estate, at the day of sale of the same by said Reager, nor has it at any time previous to the said day of sale, nor subsequent thereto ever at any time belonged to, or was owned by either the said Baker, during his lifetime, or by his administrator, representatives, or any one else in that behalf, notwithstanding it was sold as assets of said estate on the    day of December, 1854; that in truth and in fact said estate, neither before nor subsequent to the death of the said Baker, ever had any title or shadow of title to the said premises, and that said administrator proceeded without knowledge on his part, of wrong he was doing, and without authority of law to sustain his acts, founded as they evidently were upon a mistake of the facts in the case; all which they are ready to verify. Therefore these defendants say, that said plaintiff ought not to have and maintain his action against them for the reasons above set forth.

And these defendants further answering, say, that if the said Baker, in his lifetime, or said estate subsequent thereto, ever had any shadow of title to said premises, said shadow of title was cast upon him by a vendor having no right, title, interest or claim in and to the same; because they say that the said title to said premises is vested in and belongs to the estate of Henry Warnell, deceased, to the heirs of whom the certificate by virtue of which the said land was located and patented, was issued; and that the said title has moreover been divested out of said estate by legal proceedings properly consummated and closed; but that the title thereto remains still in the heirs of the said Warnell; and that in fact, the estate of Baker never had any interest in and to the same; all of which defendants are informed and believe to be true.

And defendants would further answer, that they believe from information, that if there ever was in existence any deed of con-

Walton v. Reager.

veyance attempting to divest the title to said premises out of the estate of said Warnell, such deed has long since and previous to the purchase by the said Baker from his vendor, been cancelled and held for naught; and that whatever title was attempted to be divested out of said estate by such deed of conveyance, was reinvested by the cancellation aforesaid, which was done long before the purchase by the said Baker aforesaid, and that therefore the said Baker had no title, interest or claim in law to said premises during his lifetime, nor has said administrator, or any one else authorized in behalf of said estate, done so since the death of said Baker; and that in fact no title, interest or claim was passed by said administrator to these purchasers; and defendants say, in view of the facts, the said estate was possessed of no legal interest which could be passed by it to innocent purchasers, as were these purchasers, for a valuable consideration. The defendants say they ought not to be held to pay said note, and said estate thus receive a large sum of money for lands to which it had no shadow of title, all which defendants are ready to verify. Wherefore defendant prays judgment if said plaintiff ought to have and maintain his said suit.

And defendants would further state, that said note upon which this suit is founded, and which, as aforesaid, was executed and delivered for the purchase money of the afore-described premises sold as aforesaid by mistake, as property of the Baker estate, was given without sufficient legal consideration, because they say that said estate was possessed of no legal title, interest or claim in and to said premises, and that it cannot fairly, honestly and equitably require these defendants to pay such large sum of money for a title to land which did not injure said estate in any sense, in parting with it, and which was worthless and of no legal standing, though the amount of the price for the purchase of said land by defendant, was a full and fair price for said tract of land with a good and indefeasible title thereto; and in truth said note was given wholly without consideration, because said estate possessed no title to said land, and could not pass that which it could not hold. And these defendants allege and say, that they were mistaken and deceived in like manner as said administrator of said estate was, by what appeared to be facts showing a title to this land in the estate, and under such mistake became the purchaser thereof at the said price, which was the full value of the said land; and that these defendants are not benefited in any degree by the acquisition of the worthless title of said estate

to said land; nor was said estate in any degree injured in parting with it. All of which they are ready to verify. Wherefore they say that plaintiff ought not to have his suit against them.

And defendants would further show, that said plaintiff made representations at the time and place of sale of said land, as aforesaid, which were calculated to mislead, and which did mislead the purchaser of said premises, who is one of these defendants, and caused him to purchase the same, to his great injury and damage; that said plaintiff falsely represented that said Baker estate had a good and sufficient title to said premises, and that he, as administrator could make an indefeasible title to the same; when in truth and in fact such was in no sense the truth of the case; but on the contrary, said estate was already without title thereto, as heretofore said; but these defendants would here state, that they believe that said defendant was honestly mistaken in the truth of the assertions so made by him, but that said misrepresentations misled the purchaser of said land, and caused him to make said purchase when otherwise he would not have done so; wherefore they say that plaintiff ought not to have and maintain his said suit against them, because they allege that it was through and by the false representations of said plaintiff, that said purchase was made; and that the estate which he represents ought not to be advantaged by the wrongful acts of its representative, however innocent may have been his design and motive in making such representations; all of which these defendants are informed and believe to be true; and they therefore charge them so to be.

And these defendants would further show, that notwithstanding all these facts have, since said sale, come to the knowledge of the said plaintiff, as they are informed, still he refuses to cancel said note sued upon, and place the parties in their original positions; although such is the only course which can be pursued, which would do substantial justice to the parties.

These defendants would further show, that although the said plaintiff made and delivered a deed to one of these defendants, the purchaser of said premises, purporting to convey the title of said estate in and to said premises, unto the purchaser thereof at the sale aforesaid; yet defendants would say, that said deed conveyed no tangible, legal title thereto, nor can said plaintiff make a title to the same, which could be of legal effect and convey any beneficiary interest in and to said premises, to the purchaser thereof aforesaid; because they say that said estate was not pos-

sessed of any such interest, either at the day of sale, or at any other time; wherefore they pray judgment.

And defendants would further show, that since the day of sale aforesaid, the heirs of the said Warnell, the owner of said premises, have instituted their action in the District Court of the United States, holding sessions in the city of Austin, seeking to evict the purchaser of said premises at the administration sale aforesaid therefrom; and that in all probability, they will succeed in doing so, greatly to his injury and damage, notwithstanding the pendency of this suit for the purchase money of the same.

And now, in consideration of the premises, these defendants ask that in view of all the facts and circumstances of this case, they here tender the said deed, made by the plaintiff, for said premises, and ask that he be compelled to receive the same, and also be compelled to deliver up the note sued upon, to be cancelled, and that all the parties hereto be placed in their original positions, previous to the said administration sale aforesaid, and that they be charged with their reasonable costs herein, and hence dismissed, &c.

The deed recited the order of sale, and both described the land as " one hundred and thirteen acres of land, purchased by the said William Baker, deceased, in his lifetime, from George Bratton, March 15th, 1851," &c., " and being the same tract of land conveyed to said Bratton by Charles Walker, by deed dated February 10th, 1849," &c.

The Court sustained a general demurrer to said answer; and judgment having gone for plaintiff, defendants prosecuted this writ of error.

*C. S. West* and *W. Walton*, for plaintiffs in error, argued that the amended answer presented the defence of fraud in the sale by the administrator, and cited Crayton v. Munger, 2 Tex. R. 285; Swenson v. Walker, 3 Id. 93; 1 Story, Eq. Jur. Sec. 203, 207, 218; 5 Ves. 485; 13 Id. 51; 4 Bac. Abr. 388; 3 Maine R. 332.

*Costa & Allen*, for defendants in error, argued that the answer did not allege any facts, which showed a mistake, or the nature of it; cited Catlin v. Glover, 4 Tex. R. 151; Wells v. Fairbanks, 5 Id. 582; Thompson v. Munger, 15 Id. 523; Lynch v. Baxter, 4 Id. 431; and suggested delay.

ROBERTS, J. This is a suit brought by Reager, administrator, against Walton and others, on a promissory note for nine hundred and four dollars. Defendants below plead a failure of consideration. To this plea a general exception is filed, which was sustained by the Court. The ruling of the Court deciding the plea to be defective, being excepted to, and assigned as error, presents the only question in the case for review in this Court.

The answer, for the most part, consists of legal conclusions, deductions from facts not disclosed, and vague references to facts dimly portrayed. By culling out what is distinctly alleged, the defence set up is, that the note was given for and in consideration of a tract of land sold by Reager as administrator of the estate of William Baker, and purchased at administrator's sale by Walton; that at the sale Reager represented that Baker's estate had a good title to the land; that by this representation Walton was induced to make the purchase; that the estate did not have and never had a good title to the land, and cannot make a title; that the title to the land is in the heirs of the estate of Warnell who have brought suit to eject the purchaser Walton, and will probably succeed; that the deed divesting the estate of Warnell, if any such ever existed, was cancelled before Baker's vendor conveyed the land to him; (the administrator's deed from Reager to Walton, as well as the order of the Probate Court therein recited, show that Baker was the vendee of Bratton, and that it was conveyed by deed to Bratton by Walker in 1849,) that "they, defendants below, were mistaken and deceived in like manner as plaintiff (the administrator) was, by what appeared to be facts showing a title to this land in the estate, and under such mistake became the purchaser at said price;" that said administrator honestly believed in the truth of his representation at the time it was made; that since the sale facts have come to light which show that he was mistaken, and still he refuses to receive back his deed, to cancel the note, and place the parties "*in statu quo;*" which they pray that the Court will require him to do.

Plaintiff in error, in support of this plea, contends that to force him to pay the note under these circumstances, will be a fraud upon his rights; and that is the question.

It has been truly said that fraud cannot be defined. By which it is meant that a rule cannot be laid down which will fit every case. If we should approximate a definition, by saying, that fraud is what a disciplined, well-organized mind will decide to be unconscionable, in reference to the rights and duties of the

parties, still we have but the basis for making a rule, and not the rule itself.   If such mind should detect and drag forth fraud from its covert place, and give it a form and name, that is but one precedent; still, Proteus-like, fraud will every other shape assume.   Hence it is held, that in ferreting it out, every case is to be determined upon its own combination of facts.

The first step, in the investigation of the case before us, is a definite understanding of the rights and duties of the parties. It is well settled that in an administrator's sale the rule obtains, which is embraced in the phrase "*caveat emptor.*" (Lynch et al. v. Baxter & Wife, 4 Tex. R. 437; Edmonson v. Hart, 9 Tex. R. 554; Williams v. McDonald, 13 Tex. R. 332.)   That does not generally mean that the sale is wholly without warranty of title; for in the sale of personal property, where the rule may apply, there is an implied warranty of title.   It means that the purchaser must exercise his own judgment upon whatever he reasonably has the means of exercising his judgment upon, pertaining to the thing sold.   And in administrators' sales of land this extends to the title.   (See cases above cited; 1 Burrill's Law Dic. 191.)

From the plea it appears that the representation complained of, that the estate had, and could make, a good title to the land, was merely an expression of opinion or judgment, upon facts equally well known to the purchaser at the time as to the administrator.   Plaintiff in error had a right to adopt that, as his own judgment, just in the same light as though he had consulted his own attorney, and adopted his opinion.   This representation of the administrator did not indicate the existence of a fact which really did not exist, but only a legal conclusion upon facts that did exist, and were not peculiarly within the knowledge of the administrator.   The answer does not show that there were any facts not equally accessible to himself as they were to the administrator; and it was his duty to form his own judgment upon them.   Therefore the representation, whether true or false, was not such an one as the purchaser had any right to rely upon, in making the purchase, and does not take the case out of the rule *caveat emptor.* (Mitchell v. Zimmerman, 4 Tex. R. 80.)   The case mainly relied on to maintain the sufficiency of the plea is Crayton v. Mangor.   (8 Tex. R. 285.)   There is a most material fact in that case, which is not in this.   The administrator's intestate, Pettus, had sold the land before his death.   If the administrator had sold the land twice, it cannot

be doubted that the second sale, *ipso facto*, would be a fraud upon the second purchaser. And it would be equally so where the intestate had sold it, whether the fact was known or unknown to the administrator, if the purchaser had no knowledge of it. There is no such fact in this case; and if there be a defect in the title, it is in some remote link, not dependent upon or arising from any fault of the intestate or the administrator.

The case of Mitchell v. Zimmerman (4 Tex. R. 75,) was one where relief was granted, upon the ground of false representations to the quantity of land rented, where the party deceived had not fairly the means of detecting the gross mistake.

In the case of Able v. Chandler (12 Tex. R. 88,) the false representations relieved against, were concerning the particular qualities of a slave, which no one but an owner would reasonably have the means of knowing.

In the case of Combs v. Lane, (17th Tex. R.) the administrator represented that the land sold belonged to the estate of Elizabeth Gray, located by virtue of her headright certificate; but the truth was, that a part of her headright had been located on it, which he had subsequently raised, and located on another tract of land. Here was a distinct fact represented, which was false. And that which constituted the falsity—the raising the location and placing the certificate on another tract—was not a matter readily open to detection.

These authorities support the principles above announced, and show that this plea does not present a case of fraud or mistake, relievable in a Court of Equity. Judgment is affirmed.

Judgment affirmed.