WM. M. LITTLEFIELD V. JOHN T. TINSLEY AND ANOTHER.

In a suit on an executory contract for land, it is well settled, that a defect of title in the vendor, will entitle the vendee to relief, unless the vendor prove that such defect of title was known to the vendee, at the time of the sale, and it was understood, that he should take such title as the vendor could give.

In a suit upon a note given in payment for land, for which plaintiff has given defendant a bond, to make him a good warranty deed, upon the payment of the purchase money, if it be alleged, in the answer, that the plaintiff had no title to the land sold, but that the title to the same was in a third party, and that the plaintiff could not make a good warranty title, as he had stipulated for in his bond, the defendant should be permitted to sustain his answer by proof.

APPEAL from Gonzales.   Tried below before the Hon. Fielding Jones.

Suit by appellees, against appellant, upon a promissory note for $150, given, as alleged in the petition, in part payment for the west half of John Pratt's survey of 640 acres of land, for which they had executed to him a bond for title.   Appellants answered, admitting that the note was given in part payment for the said land, for which appellees had given him their bond for a good warranty title, upon payment to them for the same; but that appellees had no title to the said land, and could not make him a title, as stipulated in their bond; that the said land was patented to the said Pratt, for whom it was surveyed on the 11th of February, 1846, and conveyed by him, on the 30th of September, 1846, to K. B. Lockhart, whose property it was at the commencement of the suit, and still is.   Appellant also brought into court, the balance of the purchase money due for said land, and tendered the same to the appellees, upon their making him title, as stipulated in their bond.

*H. S. Parker,* for appellant.

*T. M. Harwood,* for appellees.

WHEELER, CH. J.   It appears that the defendant's evidence,

offered to prove his defence of want of title in the plaintiff, was rejected, on the ground, that there was no foundation for the admission of the evidence laid in the answer. But the force of the objection is not perceived, nor does the brief of counsel for the appellee, indicate what particular allegation was wanting to let in the proof.

The contract was executory; and in that case, it is well settled, that defect of title in the vendor will entitle the vendee to relief, unless it be proved by the vendor, that the defect of title was known at the sale, and it was understood that the vendee should take such title as the vendor could give. (Lawrence v. Simonton, 13 Tex. Rep. 220; Hays v. Bonner, 14 Id. 629; Cooper v. Singleton, 19 Id. 260; Taylor v. Johnston, Id. 351; Taul v. Bradford, 20 Id. 261; Fisk v. Miller, Id. 572; Hurt v. Blackburn, Id. 601.)

We are of opinion, that the court erred in excluding the evidence offered by the defendant, in support of his plea of want of title in the plaintiff; for which the judgment is reversed, and the cause remanded.

Reversed and remanded.