SAMUEL LUCKIE v. JOEL H. McGLASSON.

A plea of failure of consideration, to a note given for the purchase money of a tract of land, which alleges, that the payees of the note and vendors of the land, "fraudulently and falsely represented to this defendant, that they had "a valid title to said land, and they stipulated with this defendant for a deed "in fee simple, with a full warranty of title against all persons whatsoever;" that they had no title, and had acquired none since, and that the title to said land was in John Davis: *Held*, to be insufficient, because it did not state that the representations were relied on in the purchase, and actually deceived the defendant.

See this case, for a plea of failure of consideration, which is defective, in not stating facts that put the vendors in default, under the representations or contract made by them.

APPEAL from Gonzales. Tried below before the Hon. Fielding Jones.

Suit brought on a promissory note, by the appellee. Defence, failure of consideration. Exceptions by the plaintiff, to the sufficiency of the plea; exceptions sustained. Judgment for the plaintiff against the defendant, Samuel Luckie, as maker of said note, and John C. McKean and John T. Tinsley, the endorsers.

The plea of the defendant Luckie, alleged that the consideration, on which the note sued on was executed, was the payment of the purchase money of a tract of three hundred and twenty acres of land, (describing its locality, as that on which he resided, and by a designation of the head-right, by virtue of which the survey thereof was made,) sold to him by his co-

defendants, McKean and Tinsley; and that at the time of the sale, they fraudulently and falsely represented to him that they had a valid title to the said land; and stipulated to make to him a deed, in fee simple, with full warranty of title against all persons whatsoever. The plea also alleged that, at the time of the sale aforesaid, neither the said Tinsley nor McKean, had any written or other title whatever to the land; and that they had not since acquired any title of any kind; and that the defendant Luckie, had made permanent and valuable improvements on the land, to wit, of the value of $2,000; and that the title to said land was then, and at the date of the said sale, in John Davis.

The appellant excepted to the ruling of the court, sustaining exceptions to the plea, and assigned the same as error.

*Stewart* and *Stewart*, for appellant.

*T. M. Harwood*, for appellee. We consider there was no error in the action of the court, in sustaining the motion to strike out defendant's answer in this case. If it was the intention of the party to plead a failure of consideration, by setting up an outstanding title to the land, for which the note is alleged to have been given, he should have pleaded it with such certainty, as to have advertised the plaintiff what his defence was. His plea is bad, for want of certainty. (Lawrence v. Simonton, 13 Tex. Rep. 220.) In his answer, it is not stated, whether his contract was *in' fieri*, or executed,—he simply avers that his vendor's title was defective, but does not state when that fact came to his knowledge; he admits that he has the vendor's covenant of warranty; he does not allege that there was concealment, on the part of his vendors; "he alleges merely defect "of title; and he certainly should aver, in order to show he has "equity, that he did not know of the defect, at the time of sale."

Again, defendant does not allege that he has been evicted, or that he is in danger of being evicted, by the party having the superior outstanding title. (Cook v. Jackson, 20 Tex. Rep.

209.) Nor does he show that, if evicted, he would be remediless upon his covenants of warranty; he does not show that the vendors are insolvent, or beyond the reach of the court.

Again, there is no prayer for relief in defendant's answer. He simply pleads failure of consideration, by setting up, in general terms, that his vendors had no title to the land; he does not indicate what relief he would have granted him. The court cannot grant what is not prayed for. He admits that he is in posession, using and enjoying the land, but does not offer to surrender the possession; he does not offer to surrender his deed, or rescind the contract. He must agree to do equity, before he can claim it at the hands of others.

ROBERTS, J. The only question in this case, is, was the plea of failure of consideration, a defence to the action on the note given as the purchase money of the land sold to appellant, by Tinsley and McKean, assignors of McGlasson?

It alleges that, at the time of the sale, said Tinsley and McKean "fraudulently and falsely represented to this defend-"ant, that they had a valid title to said land; and they stipu-"lated with this defendant for a deed in fee simple, with a full "warranty of title, against all persons whatsoever;" that they had no title, and have acquired none since; and that the title to said land is in John Davis.

The defects of this plea are, 1st. It does not state that the representations, however false and fraudulent, were relied on in the purchase, and did actually deceive the defendant. (Moreland v. Atchison, 19 Tex. Rep. 303.) 2d. It does not state such facts, as certainly put Tinsley and McKean in default, in not making a title. The allegations leave it uncertain, whether a deed was made or not. And if they be construed to allege that a deed was not made, but only an obligation, with certain "stipulations" for title, then those stipulations are not set forth, so as to show under what terms, conditions and limitations, as to time, payments and the like, the contract of sale was made. Such stipulations should have been stated, so that it might appear

that their non-performance, or the inability to perform them, would put said Tinsley and McKean in default. (Cooper v. Singleton, 19 Tex. Rep. 260; Lawrence v. Simonton, 13 Id. 220.) The plea is therefore insufficient.

Judgment affirmed.