WOOLDRIDGE & HARRIS v. WM. H. WOMACK, ADM'R.

(No. 117, Op. Book No. 1, p. 487.)

APPEAL from Lamar County.  Opinion by WHITE, J.

§ **338.** *Answer; plea of failure of consideration.* The answer alleged that the note sued on was given for a tract of land of one hundred and seventy acres, sold and purchased at administrator's sale.  That the estate never had title to more than twenty-five acres, and that title to one hundred and forty-four and three-fourths acres had absolutely failed.  Fraud and fraudulent representations practiced and made by the administrator, with regard to the title and number of acres, were alleged in general terms.  *Held,* the answer was not sufficient to defeat the rule of *caveat emptor,* as it obtains in administration sales. [Walton v. Reagar, 20 Tex. 103; Ward v. Williams, 45 Tex. 617.]  A further defect in the answer is that it does not aver that the representations, however false and fraudulent, were relied on in the purchase by, and that they did actually deceive defendant.  [Moreland v. Atchison, 19 Tex. 303; Luckie v. McClossin, 22 Tex. 282.]

§ **339.** *Judgment for costs of both courts.* Plaintiff admits and claims, as a reason for his new suit, that the judgment he recovered in the justice's court was a nullity, because that court had no jurisdiction.  If so, he was to blame for all the costs which accrued therein, and

he was not entitled to have judgment for such costs after defendant's appeal from the justice's judgment was consolidated with his new or second suit in the district court.

April 24, 1878.                    Reversed and remanded.