## THOMAS WOOLDRIDGE AND EMILY HARRIS v. W. H. WOMACK, Administrator

*Practice.*—Ordinarily it is not error in the court to hear demurrers to defendant's pleadings before taking up and hearing defendant's motion for a continuance. Especially is it not error when it is manifest that defendant has used no diligence to procure the testimony upon which he afterwards bases his motion for a continuance.

*Pleading.*—An answer to a suit by an administrator for balance of purchase money of land, setting up failure of title, charging fraud and fraudulent representations by the administrator with regard to title and number of acres, is not sufficient to defeat the rule of *caveat emptor,* as it obtains in administrators' sales.

*Same.*—An answer alleging fraud and fraudulent representations is defective unless it alleges that the representations were relied upon by, and actually deceived, defendant.

*Costs.*—In this case, plaintiff below admits that a prior judgment in the justice's court was wrong, because of want of jurisdiction.

*Held,* Error to tax costs against defendant in such proceeding before the justice's court.

Appeal from the District Court of Lamar. The opinion discloses the case.

J. B. Davis and R. Wooldridge for appellants. Joe Ballinger for appellee.

This was a suit to recover the balance due upon a note executed by appellants to appellee, as administrator of the estate of A. P. Woodruff, deceased, for a tract of land sold under order of the probate court, by the administrator, and purchased by the appellants. Numerous payments had been made by the obligors, which were endorsed as credits upon the note. Finally, as is stated by the parties in their pleadings, the administrator sued and recovered judgment for the balance before a justice of the peace, and defendants appealed from that judgment to the district court. Whilst the case was pending in the district court, the administrator brought a new suit in the district court for the balance due on the note, and in explanation of his right to do so, in face of the former judgment, alleges that suit was brought by mistake in the justice's court, the mistake being that a credit of fifty-five dollars on the note was wrongly supposed by plaintiff's attorney to be a credit for one hundred and fitty-five dollars; that the credit really and in fact, being only for fifty-five dollars, the balance due after allowing the credit was a sum beyond the jurisdiction of the justice's court, and that therefore the judgment of the justice was a nullity.

The new suit and the appealed case were consolidated in the district court. Quite a number of exceptions were saved and points made on the trial. We deem it only necessary to notice one or two of them as set out in the assignment of errors. The first is, that "the court erred in taking up and hearing plaintiff's demurrer to defendant's answer before hearing defendant's motion for a continuance." We cannot perceive what possible injury could ordinarily arise to a defendant under such circumstances. Certainly, in this case, defendant has no right to complain, because his application for continuance, as set out, shows a total want of diligence to secure the testimony of the witness. The witness resided in another State, and the only diligence used was simply the suing out of a subpœna.

The third error assigned is that the court erred in sustaining plaintiff's demurrer to defendant's answer. The answer to which the demurrer was sustained was, amongst other things, a plea of failure of consideration. This answer averred that the note sued on was given for a tract of land of 170 acres, sold and purchased at administrator's sale; that the estate of Woodruff never had title to more than twenty-five and one-fourth acres, and that title to 144 3-4 acres had absolutely failed. Fraud and fraudulent representations

practiced and made by the administrator with regard to the title and number of acres were alleged in general terms. The allegations of this answer were not sufficient to defeat the rule of *caveat emptor*, as it obtains in administration sales. (Walton v. Reager, 20 Texas, 103; Ward v. Williams, 45 Texas, 617.) A further defect of the answer is, that it does not state that the representations, however false and fraudulent, were relied on in the purchase and did actually deceive the defendant. (Moreland v. Atchison, 19 Texas, 303; Luckie v. McGlasson, 22 Texas, 282.)

As stated above, the two suits were consolidated in the district court; a jury was waived and the case submitted to the court, and judgment was rendered for plaintiff for $196.12 and all costs. This is the judgment appealed from here, and appellee suggests that the appeal is taken for delay.

We think the judgment is erroneous, in so far as it makes the appellants, who were defendants in the lower court, pay all the costs. They certainly should not have been condemned to pay the costs which accrued in the case tried before the justice. Plaintiff himself claims that that judgment was wrong and is a nullity, because the court had no jurisdiction. If so, he undoubtedly was to blame for all the costs which accrued therein; and it was his business to pay the costs and have his illegal judgments set aside in the justice's court, without forcing the defendants to perfect their appeal, and thereby incur greater costs in their efforts to have the wrong righted. All the costs in the case appealed from the justice's court should have been adjudged against plaintiff. Because of this error in the judgment rendered, the judgment is reversed and cause remanded for a new trial.