Nov. Term, 1845.

STONSEL
v.
ABRAMS.

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages and costs.

*W. W. Wick*, for the appellant.

*A. Kinney* and *S. B. Gookins*, for the appellee.

---

## STONSEL *v.* ABRAMS.

A plea must state facts in a direct and positive form, and not leave them to be collected by inference.

*Friday,*
*November 28.*

ERROR to the *Marion* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit on a promissory note, payable to one *McMillen* and by him assigned to the plaintiff. The defendant pleaded as to 100 dollars, part of the sum sued for, matters to show that there was no consideration for that part. Special demurrer to the plea, and judgment for the defendant. For the part of the demand not attempted to be answered by the plea, there was judgment for the plaintiff.

The plea states, that when the note sued on was given, the defendant owed *McMillen* 950 dollars; that *McMillen* had previously agreed with the defendant to receive in payment of the debt, the notes of other persons held by the defendant for an equal amount, upon the same being assigned to him by the defendant; that when the defendant had assigned said notes to *McMillen* in pursuance of said agreement, and in

discharge of said indebtedness, *M'Millen* falsely and fraudu-
lently represented to the defendant, that the sum so due from
the defendant to him was payable to his, *M'Millen's*, wife, and
that she would not take the notes so assigned by the defend-
ant, unless he would give him, *M'Millen*, 100 dollars for her
use; that that was the only consideration for said 100 dollars
of said note, &c.

The plea was specially demurred to, and the following causes
of demurrer were assigned: 1. It is not directly but only
argumentatively alleged, that the plaintiff received the notes
in full satisfaction of the demand; 2. It is not directly, but
only argumentatively averred, that the notes were assigned
by the defendant to the plaintiff. In these causes of demur-
rer, the word plaintiff instead of *M'Millen* is used evidently
by mistake.

The plea is no doubt defective in form as pointed out by
the demurrer. There are no positive allegations that the
notes were assigned by the defendant to *M'Millen*, and that
the latter received them in satisfaction of the debt. These
allegations were essential to the validity of the plea, and the
plea contains them substantially but not in due form. The
objection could not have been sustained on general demurrer;
but the plaintiff had a right to insist, that the plea should be
good not only in substance but in form. The statement in
the plea, "that when the defendant had assigned the notes in
pursuance of the agreement," &c., implies that he had assign-
ed them, but it is not a direct averment that the defendant
had assigned the notes, &c.

*Per Curiam.*—The judgment for the defendant below is
reversed with costs. Cause remanded, &c.

*W. W. Wick* and *L. Barbour*, for the plaintiff.

*W. Quarles* and *J. H. Bradley*, for the defendant.