Wheeler, J.
The only error assigned which requires notice is the refusal of the court to give the instructions aslced by the defendants. And in this wo are of opinion there was no error. Tlie instruction asked the court to assume facts not in evidence. There was no certain evidence of the relative value of tlie laud sold by the plaintiff and that previously sold by the intestate. Tlie fact that the former did not command as high a price at the administrator’s sale as the latter had been sold for by the intestate, o.r as it was estimated to be worth by a witness, was too uncertain a criterion of the relative value of the lands embraced in tlie several tracts to base a verdict upon of any certain present relative value. The subject was susceptible of direct and certain proof; the burden of proof was with the. defendants. It devolved on them to make out their defense by evidence so certain as to affoi'd the jury data on which to rest their verdict. This they have not done. 'There was no evidence of any misrepresentation or of any mistake as to the quality of the land purchased by the defendants. And if it had been of no value the plaintiff might well have insisted on the application of tlie maxim caoeat enuptor. But there was no evidence of the actual present value of the lands embraced in either tract. There was, in a word, no evidence which would have warranted the jury in finding that there were 172 or any other number of acres in any particular locality supposed to have been embraced, but not in fact embraced, in the defendants’ purchase, which was of greater value than that actually included in it, and the instruction, therefore, which was based upon the assumption that there was such evidence, was rightly refused. The evidence did not authorize a verdict more favorable to the defendants than that found by the jury. They therefore have no just cause of complaint. The judgment is affirmed.
Judgment affirmed.