R. S. WILLIAMS, ADM'R, v. WILLIAM McDONALD.

A sale of land by an administrator, under an order of the Probate Court, is a judicial sale, to which the rule of *caveat emptor* applies; and mere defect of title is no defence to an action to recover the purchase money. In such sales there is no warranty, expressed nor implied.

Where land held by location or survey of a land certificate, is sold at an administrator's sale, the purchaser takes the title in its inchoate state, and whatever is necessary to render his title complete, is for him, and not for the administrator, to perform.

Appeal from Polk. This was a suit brought by an administrator upon a note given for the purchase money for land, located and surveyed by virtue of a headright certificate, sold at the administrator's sale. The defence was failure of consideration, in consequence of failure of title. It appeared in evidence that the sale was made in 1848, and that the failure of the title of the purchaser was occasioned by the failure to return the field notes of the survey by the 31st day of August, 1853. There was no averment or proof of any fraud or deception practiced by the administrator in making the sale; or that the failure duly to return the field notes was by fault of himself or any one representing the estate. The Court gave judgment for the defendant, rescinding the sale, and for the recovery back from the administrator of a part of the purchase money which had been paid. The plaintiff appealed.

*W. R. Moore*, for appellant. The sale was a judicial sale, and if the consideration is impeached, it must be on the grounds of fraud or mistake. (4 Tex. R. 431; 9 Tex. R. 285; Id. 554.) In Judicial sales there is no warranty express or implied. (Hilliard on Sales, 66, 247; 5 Cond. R. U. S. S. C. 708; 4 Kent, 466, note d.) These authorities, it is submitted, are conclusive that at probate or other judicial sales the rule

Williams v. McDonald.

of *caveat emptor* applies, except where fraud or mistake are alleged and proven. Besides, it was the plaintiff's business to perfect the title.

WHEELER, J. It is well settled that a sale of land by an administrator, under an order of the Probate Court, is a judicial sale, to which the rule of *caveat emptor* applies; and mere defect of title is no defence to an action to recover the purchase money. In such sales there is no warranty express or implied. (4 Tex. R. 431; 3 Watts & Serj. 444.)

But it appears that the failure of title complained of in this case, arose from the defendant's own negligence and fault. After the sale, whatever remained to perfect the title and obtain the patent, it devolved on the purchaser to do. By his purchase he acquired such right as the estate then had. He took the title in its inchoate state, and whatever was necessary to render his title complete, it was for him, not the administrator, to perform.

The sale imposed no condition or obligation on the administrator or the estate to perfect and make good the title to the purchaser.

The judgment is reversed and the cause remanded.

Reversed and remanded.