## THOMPSON v. MUNGER, ADM'R.

The maxim, *caveat emptor*, applies to a sale by an administrator, and mere defect of title cannot avail the purchaser, either as a defence to an action for the purchase money, or as ground for rescinding the contract.

Where the answer in a suit by an administrator, for the purchase money of land sold by him at administrator's sale, alleged that at the time of the sale the estate had no title, that the deceased in his lifetime, and his administratrix since his death, had sold and conveyed the land to others, and exhibited the several conveyances, which appeared to have been duly recorded, and alleged that the existence of said conveyances was known to the plaintiff when he sold and conveyed the land to the defendant, and that in selling to him the land so previously conveyed, the plaintiff committed a fraud upon the defendant, it was held insufficient, on the ground that, in the sale of the property of estates, the administrator is not, in general, bound to make known defects of title within his knowledge, and that his mere silence in respect to the title, though he may have known it to be defective, will not amount to a fraud, vitiating the sale. It was also remarked that there was no allegation that the facts in respect to the title were not known to the defendant when he made the purchase.

It is an elementary principle that the pleader must state the facts of his case by averment direct and positive, and not leave them to be derived by argument and inference.

Where a defence does not go to the whole action, the allegations must be so certain and specific as that, if admitted, the Court could give judgment upon it for certain property or for a certain amount.

In the view we have taken of the case, it does not become necessary to determine what would have been the effect of the legal eviction of the defendant from a part of the land, or of an offer on his part to restore the possession of the residue.

Whatever may be the personal liability of an administrator, for an injury sustained by the purchaser at administrator's sale, in consequence of misrepresentations made by the former, the latter cannot hold him to answer in damages on account of such personal liability, in an action for the recovery of the purchase money.

Appeal from Caldwell.  This was a suit by the appellee, as administrator of the estate of William Pettus, deceased, against the appellant, on a promissory note and mortgage given to secure the purchase money for land sold the defendant by the plaintiff at administrator's sale.

The defence was failure of consideration and fraud in the sale.  The answer avers, in substance, that at the time of the sale the estate had no title ; and that the conveyance made by the plaintiff was worthless, by reason of the existence of good and valid outstanding paramount titles ; that the deceased in his lifetime, and his administratrix, since his death, had sold and conveyed the land to others.  The answer exhibits and sets forth the several conveyances, which appear to have been duly recorded.  It avers that the existence of these conveyances was known to the plaintiff when he sold and conveyed the land to the defendant, and that in selling to him the land so previously conveyed, the plaintiff committed a fraud upon the defendant.  The answer further alleges that the heirs of Shelburne, one of the grantees of the plaintiff's intestate, being about to institute suit against the defendant for a part of the land conveyed to him by the plaintiff, they, (the defendant and the claimant under said Shelburne,) submitted their respective titles to arbitrators, whose award was made the judgment of the Court ; whereby the defendant was evicted from that part of the land conveyed to him by the plaintiff which fronted on the river.  It is further alleged that suit has been instituted against the plaintiff in the United States District Court at

Galveston, by one Adams, to whom the plaintiff's intestate had contracted to make title to another part of the land conveyed to the defendant. It is further alleged that, at the sale by the plaintiff, he exhibited a false and fraudulent map, representing the lines of the survey of the tract of land sold to the defendant as running in such a manner as to give a large front on the river San Marcos, (but it is not averred that the lines of the land conveyed did not so run, or in what the falsity of the map consisted—that is left to inference;) that he was thereby and by the false and fraudulent representations of the plaintiff induced to make the purchase, in the belief that the land conveyed would give him a large front of valuable cotton lands on the river, (and it is not averred, but is left to be inferred, that the lands actually conveyed would not give such front on the river;) and that by the aforesaid award he has been evicted from all the land conveyed to him by the plaintiff, as fronting on the river, amounting to one thousand acres. He alleges that he made valuable improvements on that part of the tract of land conveyed as fronting on the river, from which he has been evicted as aforesaid, and that in consequence of the said false and fraudulent representations of the plaintiff, he has been greatly injured, to his damage ten thousand dollars. He prays that the contract be wholly rescinded; but if he is not entitled to that relief, then that he be relieved to the extent of the land lost to him by the aforesaid award; and that the plaintiff be restrained from collecting the residue of the purchase money, until the determination of the suit against the plaintiff instituted by Adams in the United States District Court, and that his damages be awarded him against the plaintiff Munger, for the injury sustained in consequence of his said false and fraudulent representations.

To this answer the plaintiff demurred and excepted specially, assigning among other matters as causes of exception, that the defendant sought in his answer to recover damages against the plaintiff personally, when the suit was brought in

his representative capacity ; that the answer does not set forth, with the requisite certainty, the facts alleged ; that the pretended eviction could not avail the defendant because it appeared that it was in consequence of the voluntary act of the defendant in submitting to an arbitration, not reserving the right of appeal or giving notice to the plaintiff ; that there was no offer to restore, or reconvey the land to the plaintiff ; that there was no sufficient averment of the facts to enable the Court to ascertain and estimate the amount of damage sustained by the defendant and which he sought to have deducted from the purchase money in consequence of his alleged eviction.

The Court sustained the exceptions ; and the defendant thereupon filed an amended answer, in which he reiterates with more particularity his averments in his former answer of the existence of paramount outstanding titles ; want of title in the plaintiff and the fraud committed by him in selling to the defendant, knowing he could not make a valid title to the land conveyed ; and on this ground asking a rescission of the contract. To this answer also the plaintiff excepted, and his exceptions were sustained by the Court. There was judgment for the plaintiff and the defendant appealed.

*Ireland* and *Caruthers*, for appellant.

*Munger*, for appellee.

WHEELER, J. The only question presented by the record is as to the propriety of the ruling of the Court, upon the sufficiency of the answer.

The grounds on which the defendant rested his title to relief, were failure of title, fraud in the plaintiff and the eviction of the defendant from a part of the land purchased. The fraud was alleged to consist in selling lands as property of the estate to which the plaintiff knew he could not make a

valid title, and in false representations respecting the situation and locality of the land. And the question is whether these grounds are sufficient, as set forth in the answer, to entitle the defendant to the relief sought.

The ground on which it has been held in the Courts of South Carolina, and, perhaps, in some other Courts, that the vendee may resist the payment of the purchase money before eviction, is, that the covenant of seizin is broken by the want of title in the seller ; and damages for this breach are allowed as a discount. An outstanding paramount title is considered *per se* a breach of the warranty of the seller and as co-effective with eviction. (Van Lew v. Iam, 2 Richardron's Eq. Rep. 348, 354.) But in an administrator's sale there is no warranty express or implied. The administrator sells only such title as the estate had. The maxim, *caveat emptor*, applies ; and mere defect of title cannot avail the purchaser, either as a defence to an action for the purchase money, or as a ground for rescinding the contract. (Lynch et al. v. Baxter et al., 4 Texas R. 431 ; Hart. Dig. Art. 1176.) If the defence in this case can be maintained, it must be on the ground of the alleged fraud and eviction.

The answer contains no averment of any misrepresentation in respect to the title. The alleged misrepresentation was in reference to the locality of the land. If there was any sufficient averment of fraud in respect to the title, it is to be found in the allegation that the defendant made the sale knowing the title to be defective. Whether this would amount to a fraud in a person contracting in his own right, it is not necessary to determine. The maxim, *caveat emptor*, is, in general, a sufficient answer to mere silence, in regard to defects open to observation. The alleged paramount outstanding titles, exhibited by the answer, appear to have been duly recorded, and, therefore, in addition to the application of the maxim, *caveat emptor*, the defendant was chargeable with constructive notice of the superior title. This, however, would not relieve

the plaintiff from the consequences of having misrepresented
or concealed any material fact.    Chancellor Kent lays it down
as the general rule, that " each party is bound in every case to
" communicate to the other his knowledge of material facts,
" provided he knows the other' to be ignorant of them, and
" they be not open and naked, or equally within the reach of
" his observation."    (2 Kent, 4th edit. 482.)    But this doctrine
is thought by Judge Story to require qualification, by limiting
it to cases where one party is under some obligation to com-
municate the facts, or where there is a peculiar known relation,
trust or confidence between them, which authorizes the other
party to act upon the presumption that there is no concealment
of any material fact.    (1 Story's Eq. Sec. 208.)    The true
definition of undue concealment (it is said) which amounts to a
fraud in the sense of a Court of equity, and for which it will
grant relief, is the non-disclosure of those facts and circum-
stances which one party is under some legal or equitable obli--
gation to communicate, and which the other party has a right,
not merely *in foro conscientiœ*, but *juris et de jure*, to know.
(Id. Sec. 207.)    But if the doctrine, as stated by Chancellor
Kent, be applied to the answer in this case, its averments do
not bring it within the rule requiring the disclosure of mate-
rial facts, there being no allegation that the facts in respect to
the title were not known to the defendant.    And here the rule
is applicable that every pleading is to be taken most strongly
against the pleader.    But whatever may be the general rule,
we are of opinion that in the sale of the property of estates,
the administrator is not, in general, bound to make known de-
fects of title within his knowledge ; and that his mere silence
in respect to the title, though he may have known it to be de-
fective, will not amount to a fraud vitiating the sale.    We are
of opinion, therefore, that the facts alleged do not amount to
fraud in respect to the title.

The original answer was manifestly insufficient in its alliga-
tions of fraud respecting the locality of the land.    It did not

state in what particular the map, said to have been exhibited, was false and fraudulent; that it was in the representations respecting the lines of the survey ; or that the lines of the survey of the tract of land conveyed to the defendant, did not, in fact, run as delineated on the alleged fraudulent map, or as described in the conveyance.  The allegation is that the defendant was evicted from the land described as fronting on the river.  But it does not therefore follow that the lines of the survey were not truly represented, or that they did not embrace the land from which the party was so evicted.  The particulars in which the falsity of the map consisted are not averred, but are left to inference.  And it is an elementary principle, that the pleader must state the facts of his case by averment direct and positive, and not leave them to be deduced by argument and inference.

The eviction is alleged to have been from a part only of the land conveyed ; and an abatement of the price *pro tanto* is asked.  It is alleged to be the most valuable portion of the tract, but what is its positive or relative value is not alleged. The answer ought to be so certain and specific in its averments as that, if admitted, the Court could give judgment upon it. In this respect it is manifestly defective ; it contains no averment by which the Court can be informed for what amount to give judgment.  This objection was specially pointed out by the exceptions.  But instead of amending the answer in this particular, the defendant, in his amended answer, appears to have abandoned that part of his defence which related to the alleged fraudulent representations respecting the locality of the land, and his eviction therefrom, and to have relied on the sole ground of fraud in making the sale, knowing the title to be defective.  And this, as we have seen, was not a sufficient ground for avoiding the contract.

In the view we have taken of the case, it does not become necessary to determine what would have been the effect of the legal eviction of the defendant from a part of the land, or of

an offer on his part to restore the possession of the residue. It is certain, that, as the plaintiff was not a party to the arbitration, which it is averred resulted in the eviction, the judgment thereupon did not bind him ; and the plaintiff must have averred and proved the facts which authorized the judgment. But it will suffice to dispose of the case, that the answer does not contain averments of matters of fact constituting a defence, with the requisite legal certainty or set forth the facts sought to be pleaded with such certainty as to require the Court to determine upon their legal effect, or sufficiency, if well pleaded.

Whatever may be the personal liability of the plaintiff for an injury sustained by the defendant, in consequence of misrepresentations made by the former, the latter cannot hold him to answer in damages on account of such personal liability in this action. The demands are not in the same right and cannot be litigated in the same action.

We are of opinion that the Court did not err in adjudging the answer insufficient; and the judgment is affirmed.

Judgment affirmed.