### L. G. COOMBS v. S. S. LANE AND OTHERS.

Where an administrator, at a sale by him, represented that the land belonged to his deceased intestate, by virtue of the location of part of her headright upon it, when the fact was that it was covered by an older survey; and after the sale floated the certificate; the purchasers at said sale obtained an injunction against the judgment recovered on their note given for the purchase money, and recovered back the amount paid by them on the judgment, and also the value of their improvements put upon the land.

Quere, whether the doctrine of caveat emptor does not obtain at an administrator's sale, if a bond for title be given, instead of an ordinary conveyance.

Appeal from Dallas. Tried below before the Hon. John H. Reagan.

The evidence as to the fraud was "that defendant Coombs "sold the land described in the bond (the Adm'r gave a bond "for title, in his representative capacity, to be made as soon "as a patent could be obtained,) at public auction, and repre-"sented publicly to the bidders at said sale, through the auc-"tioneer, that the land mentioned in the said bond was the land "belonging to the estate of Elizabeth Gray, located by virtue "of her headright certificate, and it was bid off by the plaintiff, "Stephen S. Lane. Plaintiff proved by the District Surveyor "of the Dallas Land District, that at that time one half of the "headright certificate of the said Elizabeth had been surveyed "upon the land so represented at said sale and sold; that the "other half of her certificate was then located elsewhere; that "said last location still remains and is of record, and returned "to the General Land Office for patent; that the half that "was surveyed upon the land described in said bond was upon "a survey duly recorded in the name of Joseph Mangram, and "it never was recorded, but has been located and surveyed "upon other lands, which survey has been duly recorded and

" returned to the General Land Office for patent, and that the " land represented in the bond of defendant Coombs, is within " the bounds of the Mangram survey."

The judgment was recovered on the note on the 18th of May, 1854, and it was alleged in the petition that the certificate was floated on the   day of   , 1854 ; there was no evidence that the facts did not come to plaintiffs' knowledge before the judgment was obtained.

The Judge charged the jury that if the evidence showed that Coombs had given a bond for land he had no right to in himself, or in right of Mrs. Gray, whose administrator he was, and if the land he proposed to convey to the plaintiff belonged to some other person, then you are authorized to conclude that he cannot make a title to the plaintiffs for this land, and he is entitled to no further time to make title under his bond.

The defendant requested the Judge to instruct the jury, that to find this defendant liable in this cause, it must appear that he had made some fraudulent statements in regard to the land sold ; that to find the defendant liable as charged in this petition, it must be shown that defendant has raised the certificate from the place sold, and is seeking to locate it upon other land. This, if true, might be proved by the records of the Land Office of the district or of the County Surveyor, showing that said administrator had applied to an officer authorized by law, to locate other lands.

A certificate located on a piece of land is no evidence that a party claiming in an adverse right, cannot make a title to the land.

These instructions were refused.

*Burford & Good,* for appellant. Coombs was acting within the legitimate scope of his authority. While so doing it is the duty of the Courts to protect him. His representation on the day of sale, though erroneous, was not fraudulent. (1 Story's Eq. Jur. Sec. 140, 141, 142.)

And even if it was fraudulent, the Court could not, in this suit, punish him for it. (5 Tex. R. 330.)

*J. M. Crockett,* for appellees.

LIPSCOMB, J. This suit was brought by the defendants in error against the plaintiff in error. In the petition it is alleged that petitioner purchased at an administrator's sale, from Coombs, adm'r of E. Gray, the plaintiff in error, a certain tract of land for four hundred dollars, for which they gave their note to the said Coombs, on which note they had been sued and judgment obtained against them for a balance due on the same in favor of said Coombs, administrator of Gray, and execution awarded ; that Coombs alleged and represented at the sale, with a fraudulent design, that the land he so sold by him as administrator was the property of his intestate, by virtue of a part of her headright being located on it, when he, Coombs, well knew that it did not belong to his intestate ; that a part of her headright had been laid upon it, which he had subsequently raised and located upon another tract or parcel of land ; that the land sold had been, previous to the file of a part of Gray's headright, located and surveyed, and was owned by Joseph Mangram ; that confiding in the purchase they had made being in good faith, they had gone on the land and made valuable improvements, amounting in value to a large sum ; that they did not know of the fraud, and that the land did not belong to the estate of the defendant's intestate, until after the judgment awarded against them on their note to the defendant for the purchase money of the land. They pray that execution be perpetually enjoined on the judgment, and that they have judgment for the amount paid by them, and for the value of the improvements.

The defendant demurred to the petition, and assigned several causes of special exception, not necessary to notice, and denied the allegations. The case was put to the jury on the

evidence, fully sustaining the averments in the petition, without the slightest contradiction, showing conclusively the fraud. The jury returned a verdict for the amount paid to the defendant and the valuation of the improvements made by the petitioners, for which judgment was awarded and execution ordered against the defendant, and the execution on the judgment against the petitioners was perpetually enjoined. The defendant has brought the judgment before us for revision. He has assigned various grounds of error, that would not amount to more than mere irregularities at most, and do not require any special notice. The Court did not err in refusing a new trial. There was not the slightest ground in support of the motion. The evidence fully supports the finding of the jury on the value of the improvements, and there can be no question but the fraud of the appellant made him liable for the value thereof. It is a case that needs but be stated, to see and approve the correctness of the judgment, which we have no hesitation in affirming.

Judgment affirmed.