HARVARD
LAW SCHOOL
LIBRARY

## DOE on the demise of MITCHELL *v.* BOWEN and Another.

Ejectment by the heir to recover the possession of land sold by the administrators of a decedent's estate. The record of the Probate Court shows—1. The appointment of the administrators. 2. An inventory and appraisement of the land made and filed in the clerk's office on 11th of *November*, 1834; but making no mention of the existence of an heir, and praying no notice. 3. An order of sale of said land made on the same day. 4. An order made on the 9th of *February* following, confirming the sale. This was the evidence touching the validity of the sale.

*Held*, that the sale, having been ordered and confirmed without notice to the heir, is void.

Nov. Term,
1856.

Doe
v.
Bowen.

*Held,* also, that the rule in *Horner* v. *Doe,* 1 Ind. R. 130, that where the record is silent upon the point notice may be presumed, applies only in cases where the heirs have been made parties to the record.

*Held,* also, that where no mention is made of the existence of an heir, it cannot be presumed that the heir was notified; for the record is not silent, it speaks negatively.

*Held,* also, that even if the application for the sale had stated the name of the heir, still as the order of sale was made on the same day the application was filed, the statutory notice of thirty days by service, or sixty days by publication, after the filing of the application, could not have been given; and no motion was made in behalf of the heir indicating an actual presence in Court, whereby formal notice might be rendered unnecessary.

*Saturday,
November 29.*

ERROR to the *Carroll* Circuit Court.

PERKINS, J.—Ejectment. Judgment for the defendant.

The lessor of the plaintiff claims title as the sole heir of *James Mitchell,* deceased, and is entitled to recover if he had not been deprived of his title to the land by a sale made by the administrators upon his father's estate, through which the defendants derive title.

The validity of that sale must be determined upon a simple inspection of the Probate Court record, no extrinsic evidence having been given.

That record shows, as it appears by the transcript before us—

1. The appointment of the administrators.

2. An inventory and appraisement of the real estate of *James Mitchell,* deceased, made and filed in the clerk's office on the 11th day of *November,* 1834, but making no mention of the existence of any heir, and praying no notice, &c.

3. An order of the sale of said real estate made on the same day on which the inventory was filed.

4. An order made on the 9th of *February* following, confirming the sale.

In *Horner* v. *Doe,* 1 Ind. R. 130, it is said that where the record is silent upon the point, notice may be presumed; but this rule applies only in cases where the heirs have been made parties to the record. Here, there

is no mention made, in any part of the record reciting
the proceedings touching the sale, of the existence of
an heir; and, surely in such case, we cannot presume
that any heir was notified. See *Martin* v. *Starr*, 7 Ind.
R. 224  The record in such case is not silent but speaks
negatively.

But, even had the application for the sale contained
a statement of the names or name of heirs or heir,
still as the order of sale was made on the same day the
application was filed, the record shows that the statu-
tory notice of thirty days by service, or sixty days by
publication, after the filing of such application, could
not have been given; and no motion was made on be-
half of the heir, as in the case of *Thompson* v. *Doe*,
8 Blackf. 336, indicating an actual presence in Court,
whereby, formal notice might be rendered unnecessary.

It is shown by the record that a year subsequent to
the sale a guardian was appointed by the Probate Court
for the lessor of the plaintiff, then the infant heir of
*James Mitchell*; but that has nothing to do with the
proceedings leading to the sale by the administrators.

A deed of the administrators to the purchasers at
the sale also appears, which contains various recitals;
but these recitals do not appear to have been, nor was
the deed itself, ever before the Probate Court, and they
are not evidence. The sale in this case, then, having
been ordered and confirmed without notice to the heir,
is void. The Court acquired no jurisdiction to act in
the premises (1).

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

STUART, J., was absent in this case.

*D. D. Pratt* and *H. Allen*, for the plaintiff.

*Z. Baird*, for the defendant.

(1) Where judicial proceedings in one State have come under review
in the courts of another, they have with great unanimity been disregarded
as nullities, in cases where notice to the defendant did not appear.
*Kibbe* v. *Kibbe*, Kirby, 119.—*Phelps* v. *Holker*, 1 Dale, 261.—*Kilbourne* v-

*Woodworth,* 5 Johns. 37.—*Robinson* v. *Executor of Ward,* 8 Johns. 90.— *Fenton* v. *Garlick, id.* 194.—*Pawling* v. *Bird's Executors,* 13 Johns. 192.— *Borden* v. *Fitch,* 15 Johns. 121. See, also, *Fisher* v. *Lane,* 3 Wils. 297; *Buchanan* v. *Rucker,* 9 East. 192; *Holt* v. *Alloway,* 2 Blackf. 108; and *Cone* v. *Cotton,* 2 Blackf. 82. And it is not easy to perceive on what ground a distinction can be taken between a domestic judgment and one rendered in another State of the Union. *Mills* v. *Duryee,* 7 Cranch, 481; Const. U. S. Art. IV. s. 1; Acts of Congress of *May* 26, 1790, and *March* 27 1804.

The *Indiana* cases which bear hardest against the plaintiff are *Thompson* v. *Doe,* and *Horner* v. *Doe,* cited in the opinion, *supra; Doe* v. *Smith,* 1 Ind. R. 458, in which the record showed that due notice had been given by publication; *Williams* v. *Sharp,* 2 Ind. R. 101, in which, also, the record showed notice. Nor is *Lessee of Nelson* v. *Moon et al,* 3 McLean, 319; or 1 Saund. 74 and notes; or *Mills* v. *Martin,* 19 Johns. 33, in point. But *Westerwelt* v. *Lewis et al.* 2 McLean, 514, is directly in point.

The above authorities were all before the Court in argument.