Brinkerhoff, J.
This case is a petition in error, prosecuted to reverse a judgment of the court of common pleas of Jackson county, reserved for decision by this court. The plaintiff in error was the defendant below, and the defendants in error were the plaintiffs below.
From tbe record it appears that tbe plaintiffs below, as executors, etc., of Reese P. Thompson, deceased, brought suit against the defendant below on a note of band, for $4050, given by him to them in their character as executors.
Tbe defendant answered, in substance :
1. Denying that tbe plaintiffs, at tbe time of tbe giving o'f the note sued on, or at any time thereafter, were tbe duly ap ■ pointed executors of tbe last will of Reese P. Thompson, deceased, or were authorized to act as such.
2. Denying that tbe plaintiffs are now such executors.
*277 3. That the plaintiffs pretending to be the duly appointed executors of said testator, and assuming to act as such, sold to him, the defendant, at private sale, certain real estate, consisting of a share in a certain furnace property, and including in the sale a like share in the stock then on the bank of said furnace property. That the note sued on was given for a part of the purchase money on said sale. That the defendant purchased said property, believing the plaintiffs to be such executors, averring that they in fact were not such executors, and were unable to make the defendant any valid title to said property, and that the consideration for said note had, therefore, wholly failed.
To these three defenses the plaintiffs replied, taking issue upon the facts alleged therein.
Subsequently, and before trial, the defendant obtained leave to amend, and thereupon' filed a fourth defense by way of counterclaim — re-averring the assumption of the plaintiffs to act as executors of said testator, the sale of said real estate and stock to him by them as such executors, and the giving of said note for a part of the purchase money, as in the third defense alleged; and then proceeding to aver, that at the time of said sale, the plaintiffs had knowingly made certain false and fraudulent representations as to the amount of stock on hand and included in the sale; and claimed to recoup the amount of the‘damages sustained by him by reason of said fraudulent representations from the purchase money represented by said note, and to recover for the balance.
To this fourth defense and counterclaim, the plaintiffs’ demurred, on the ground, that the same “ does not state facts sufficient to constitute a right of recovery against plaintiffs as executors as aforesaid.”
These issues of law and of fact, were submitted to the court without the intervention of a jury.
On the hearing of the case, as appears from a bill of exceptions embodied in the record, the plaintiffs gave in evidencq an authenticated copy of the last will of the testator, naming them as executors thereof, and fully authorizing them to sell and convey all or any part of his estate, real and personal, at *278 public or private sale, at their discretion, but containing no clause authorizing a warranty of any kind. They also gave in evidence an authenticated copy of the record of the probate court, showing the due probate of said will, and the original letters testamentary, or letters of administration, as the case may be, issued to them by the probate court.
Evidently, through the mere blunder of the probate judge, the plaintiffs were, in these letters, uniformly designated as “ administrators with the will annexed.” But the letters, in terms, authorized them “ to administer according to law, and to the said, will, all and singular the said goods, chattels, moneys, rights and credits of said deceased, and also the proceeds of - all the. real estate of which he may he authorized to sell for the payment of the debts and legacies of said deceased,” etc. No other or further evidence was given.
There is no intimation in the record that any motion for a new trial was ever made.
The court found all the issues of fact in favor of the plaintiffs, sustained the demurrer to the counterclaim, or fourth defense, and gave judgment for the plaintiffs for the amount of the notes sued on. To all which the defendant duly excepted. And all these rulings and the judgment of the court are assigned for error.
And now we are required to consider:
1. As to the disposition made by the court below of the issues of fact made by the reply to the first three defenses set up in the answer.
These issues are, in effect, all embodied in the single question — were the plaintiffs below, at the time of the sale and at the time of bringing the suit, legally the executors of the last Vill of Reese P. Thompson, or not?
Now, if it appeared that the defendant had moved the court for a new trial, and that the same had been overruled, so as, under the statute, to make its findings, upon’all the evidence, a prpper subject of review in this case, we are far from being prepared to say that the rulings of the court below were erroneous, But that question is really not before us.
It is' said, in House v. Elliot, 6 Ohio St. Rep. 497, that a *279 review, on error, of the findings of a court or jury on issues of fact, was unknown in this state until the enactment of the act of the 12th of March, 1845, “to regulate the judicial courts,” etc.; which act provided, among other things, that on a motion for a new trial “ by reason that the verdict may be supposed to be against law or evidence,” exception might be taken to the ruling of the court overruling such motion, and such exception might be made a ground of error. In this way, while that act remained in force, questions of fact submitted, first to a jury, and then to the court on motion for a new trial, might be reviewed on error. But that act was repealed by the code of .civil procedure; and thereafter, for several years, under the holdings of House v. Elliot, before cited, and Gest v. Kenner, 7 Ohio St. Rep. 75, and several other subsequent cases, no review could be had, on error, of the findings of courts or juries on issues of fact. But these provisions of the act of 1845', were substantially reenacted by the act of April 12, 1858, “ to relieve the district courts,” etc., 4 Curwen’s Stat. 3087, the fourth section of which provides, that “ in all cases pending in the court of common pleas, or either of the superior courts in this state^ either party shall have the right to except to the opinion of the court ... in all cases of motion for a new trial ... by reason that the verdict, or in ease that the jury he waived, that the finding of the court, may be supposed to be against law or. evidence, so that said case may be removed by petition in error,” etc.
Now, this provision of the act of 1858, confers a right which did not before exist; the right to review, on error, the findings of a court or jury on issues of fact. And the right is made dependent on the overruling of a motion for a new trial. Eor in no other way could all the evidence be embodied in a bill of exceptions and legally brought into the reeord. But, in this case, no motion for a new trial was made; there was r,o authority of law for bringing the whole evidence into the reeord; and we are not authorized to review it. Kepner’s Adm’r v. Snively’s Adm’r, 19 Ohio Rep. 296. This disposes of the exception based on the findings of the court below, upon *280 the issues of fact involved in the first three defenses set up in the answer.
There remains to be considered the questions growing out of -the fourth defense, or counterclaim, which avers, that, claiming to be executors, etc., the plaintiffs below, at the time of the sale of the share of the furnace property and stock on hand to the defendant below, for which the note sued on was given, made certain false and fraudulent representations in respect to the amount of such stock, etc., whereby the said defendant was deceived and defrauded; and praying a recoupment to the amount of said note, and a further recovery on account of the damages sustained by him by reason of such misrepresentations.
Throughout the record this defense is denominated a counterclaim. As such, it was demurred to, on the ground that it did not state facts sufficient to constitute a counterclaim; and the court below sustained the demurrer, and gave judgment for the plaintiffs below on the demurrer. And this is assigned for error.
It is conceded by the counsel for plaintiffs in error that this so called counterclaim is, as a counterclaim, bad; but it is argued that though bad as a counterclaim, yet if it contains a statement of facts which are good as a defense, it ought to have been permitted to stand as a defense ; and it was error for the court to give judgment in favor of the plaintiffs below upon it; for, in respect to it as a defense, they were in default — there being no reply. And to this extent we agree with the counsel for plaintiff in error. It should be noticed, however, that so far as appears from the record, the contract of sale out of which the controversy between the parties arises, is an executed contract; possession seems to have been taken and continued under it by the defendant below; and it nowhere appears that he has ever sought to rescind it; but the sole object sought to be attained by him, on the ground of the alleged fraud of the executors, has been to diminish the amount of their recovery on the notes he gave them for the purchase money. And this brings us to the question, whether, in the case of an executed contract of sale by executors, a *281 continued possession of the thing sold by the purchaser, and no effort to rescind, the purchaser can make the fraudulent representations of the executors, in respect to the thing sold, available as against the estate of the testator, either by way of defense or counterclaim, in a suit by the executors, as such, for the recovery of the purchase money? We are of the opinion that he can not.
Notwithstanding the laborious research which counsel for plaintiff in error has bestowed upon this case, as is evident from the brief he has laid before us, he has cited us to no case sustaining the affirmative of this question; and we have not been able to find any. And it seems to us that the analogies and policy of the law are against it.
Nothing is better settled than this, that unless the executor be specially thereunto authorized by the will, no warranty by an executor or administrator, on a sale of the property of the estate, can bind the estate, however solemn the form or deliberate the act of warranty may be. In such sales the executor or administrator acts simply as a trustee; he can sell nothing but the interest of the estate he represents in th: thing sold; and, as between the estate and the purchaser, the rule of caveat emptor is rigidly applied, and the effect of the warranty is, at most, to lay the foundation of a claim to rescind the contract of sale in tolo, and place the purchaser and the estate in statu quo, or to constitute a ground of action against the executor or administrator personally. Lynch v. Baxter, 4 Texas Rep. 431; The Monte Allegre, 9 Wheaton, 645 ; George v. Bean, 30 Miss. Rep. 151; Thompson v. Munger, 15 Texas Rep. 523; Mellen v. Boarman, 13 S. & M. 100; Sumner v. Williams, 8 Mass. 162; Lockwood v. Gilson, 12 Ohio St. Rep. 526; Dunlap v. Robinson, 12 Ohio St. Rep. 530.
And if a decedent’s estate can not be made liable upon the deliberate and solemn, but false, warranty of its representative, I am unable to discover on what ground of principle it can be made liable upon his false and fraudulent representations. To say that the estate can not be liable in an action or counterclaim prosecuted directly, to recover damages on account of the *282 fraud, but that the fraud may be made available to diminish the amount of recovery in an action for the purchase money, does not, it seems to me, meet the difficulty. The estate is sought to be made liable in either case; and the only differences in the two cases, are in the amount of the liability, possibly, and in name, and mode of procedure.
The conclusion at which we have arrived on this question was strongly foreshadowed by this court, in the case of Bun-lap v. Robinson, above cited. It was there held, that “ an administrator, in selling lands of his decedent, which he conveys without covenants of warranty, can not render the estate of the deceased liable-in damages, by false representations as to the condition of the title, or the extent of existing incumbrances.” In the ease of Thompson v. Munger, supra, the court, considering a similar question, say, “ whatever may be the personal liability of the plaintiff, for an injury sustained by the defendant, in consequence of misrepresentations made by the former, the latter can not hold him to answer in damages, on account of such personal liability in this action. The demands are not in the same right, and can not be litigated in the same action.” And in George v. Bean, supra, the court say, “ if the fraud has in truth been practiced by the administrator, and the purchaser deceived thereby, he ought, in this class of cases, to be driven to his action directly against the administrator, so that innocent parties who are interested in a speedy settlement of the estate, will not be delayed by the fraudulent conduct of the administrator. ■ If a recovery should in such case be had against him, he will not have any recourse upon the estate for reimbursement on account of his fraud, and, consequently, no excuse for delaying payment of the demands of creditors, or for not making distribution, as the case may be.” .
But the rule that fraud vitiates all contracts, and the maxim “ ex dolo malo non oritur actio,” are pressed by counsel upon oúr attention, as applicable to this case. We neither ignore nor repudiate either the rule or the maxim; but they are general rules, and all general rules, when practically applied, are subject to limitations and exceptions. And we think the de *283 fendant below, in this ease, could have the benefit of both, if he sought to rescind the contract of purchase, and could place himself and the estate in statu quo, so that neither should lose anything; but if, instead of this, he seeks merely a diminution of the agreed price, we think the policy of the law, in view of the peculiar relations of the parties, limits the application of the rules which he invokes, and turns him over to his remedy against the only guilty parties in the case, the executors personally.
Judgment affirmed.
Peck, C. J., and Scott, Ranney and Wilder, JJ., concurred