# SUPREME COURT OF TEXAS.

## TYLER TERM, 1876.

---

WARD & TURNEY, ADM'RS, V. JOHN F. WILLIAMS ET AL.

1. ADMINISTRATOR'S SALE—CAVEAT EMPTOR.—The mere fact, that at the time of making an administrator's sale of land the records of the clerk's office in the county where the land is situate, showed that the intestate had conveyed the land in his lifetime, of which fact the purchaser had no actual knowledge, will afford no defense in a suit brought on a note given for the purchase-money.

2. ADMINISTRATOR'S SALE—FRAUD.—At law, the rule governing a purchase at administrator's sale is *caveat emptor*. In equity, if there has been such fraud or mistake in the sale as would entitle a purchaser to relief, the burden rests on him to establish such facts. It has not been decided by this court that a mere want of title in an estate to land, at the time of an administrator's sale, would constitute an equitable defense.

3. ADMINISTRATOR'S SALE—OBITER DICTA.—The suggestion made in Walton v. Reager, 20 Tex., 103, that a sale by the intestate, though unknown to the administrator and to the purchaser at administrator's sale, would constitute a fraud upon the purchaser: *Held*, To be *obiter dicta*.

APPEAL from Harrison. Tried below before the Hon. M. D. Ector.

*Mc Coy & Mabry*, for appellant, cited Thompson *v.* Munger, 15 Tex., 523; Walton *v.* Reager, 20 Tex., 109.

No briefs for appellees have reached the reporters.

ROBERTS, CHIEF JUSTICE.—Appellants, who were plaintiffs below, brought suit for the balance of a note of six hundred and sixty-six dollars, given in payment of a number of lots

( 617 )

in the town of Marshall, in block 66, sold by them as administrators of the estate of W. R. D. Ward, and purchased by John F. Williams, and also to enforce the lien of a mortgage on said lots, taken to secure the payment of said note. They admit a credit by payment, which reduces the balance, which they claim, to the sum of one hundred and two dollars and twenty-two cents. The note was due March 4, 1871, and the suit was brought on the 13th of July, 1874.

The defendants filed a special plea of failure of consideration, to the effect that, at the time of the administrators' sale, the purchaser, as well as the administrators, believed that the estate had a good title to said lots, but that after the sale the purchaser, John F. Williams, discovered and was informed that W. R. D. Ward, in his lifetime, to wit, on the 17th day of March, 1857, executed a deed for one of the lots, to wit, lot No. 1, in said block 66, to E. C. Beazley, which was duly recorded in the clerk's office of Harrison county; that the amount bid for lot No. 1 was more than the balance due on said note, twenty-five dollars, for which he asks judgment; that at said sale the administrators represented the title of the estate to said lots to be good, upon the faith of which said Williams purchased them. Further, said Williams offered to relinquish to the estate all the title and right to the estate which he had received, by virtue of the sale and deed, from the administrator.

The plaintiffs excepted to the sufficiency of the defendants' answers, and their exceptions were overruled by the court. The parties waived a jury, and submitted the case, upon the law and the facts in proof, to the court. The court rendered a judgment against the plaintiffs and in favor of John F. Williams for the sum of twenty-two dollars and seventy-eight cents, the amount overpaid by him on the note sued on, &c.

The defendants, on the trial, in support of the special plea of failure of consideration, adduced in evidence the record in the clerk's office of the alleged deed to Beazley; and

Williams, being sworn on his own behalf, stated, that at the administrators' sale, there was no particular representations made by the administrators as to the title of lot No. 1 in block 66, and that he, as well as the bidders generally, understood the title to be good, and that at the time he knew nothing of the deed of Ward to Beazley in 1857, which was then duly recorded.

This, in substance, is what is relied upon by defendants to establish a failure of consideration in the note sued on, given for a lot sold at an administrator's sale.

It is to be noticed, that it is neither alleged nor proved that the administrators made any representations of any particular facts about the title, calculated to mislead the purchaser, nor that the administrators knew of any such facts, nor that they knew of any defect of title in the lot; also, that it is not alleged nor proved that Ward, at his death, had no title to said lot, except inferentially; not shown that Ward was or was not in possession of the lot or had improvements thereon at the time of his death. He might have made a deed to it in 1857, and still have had a good legal or equitable title to it at the time of his death. It is not alleged that Beazley ever set up any claim to it, or any one else under him, or that the purchaser had been evicted. In the absence of any allegation or proof of all or any of the surrounding and attending circumstances, we are left to determine the legal effect upon the administrators' sale of the isolated fact that the record in the clerk's office of a deed from Ward to Beazley, in 1857, is found after the administrators' sale, of which the purchaser had no actual knowledge at the time of the sale.

In view of the previous decisions of this court, we do not feel authorized to hold that to be a sufficient defense to the note. At law, the rule is, in such a sale, *caveat emptor*. In equity, if there has been such fraud or mistake in the sale as entitles the defendants to relief, the burden rests upon them to state and establish such facts as are necessary to make it

manifest. It will not be sufficient to state that, at a remote period in the past, Ward made a deed to Beazley, and put the administrators upon the defense against the inferences that might be drawn from that fact. In a similar case, Justice Wheeler remarks, that "the pleader must state the facts of his case by averments, direct and positive, and not leave them to be deduced by argument and inference." (Thompson *v.* Munger, 15 Tex., 529.) Other facts, either affirmative or negative, or both, must be stated, showing, or tending to show, so as to reach a satisfactory conclusion, that the estate had no legal or equitable title to the lot at the time of the sale. And then, that the mere want of title in the estate at the time of sale—that fact being unknown to both the administrators and to the purchaser—would constitute an equitable defense, has not as yet been decided by this court, as it is believed. Nor do the decisions furnish any definite guide in the effort to point out what additional facts, if any, would be absolutely required to make it a good, equitable defense. In the absence of any such additional facts alleged and established in this case, it might not be proper to indicate any opinion in advance as to what, if anything, would be necessary. That no such defense as this here presented has been sustained, a reference to the decided cases will readily show. (Crayton *v.* Munger, 9 Tex., 285; Lynch *v.* Baxter, 4 Tex., 437; Edmondson *v.* Hart, 9 Tex., 554; Williams *v.* McDonald, 13 Tex., 322; Coombs *v.* Lane, 17 Tex., 280; Walton *v.* Reager, 20 Tex., 103.)

The cases most analogous to this, perhaps, are that of Hawpe *v.* Smith, 25 Tex. Supp., 450, when there appeared to be a defect of title in writing, and no positive proof of representations about the title at the sale by the administrator, and that of Thompson *v.* Munger, 15 Tex., 523, where it was alleged that the intestate had no title, having sold it by deeds recorded, and that the administrator knew of the deeds before the sale by him, but made no representations as to the title at the time of the sale. In both of these cases, being

suits for the purchase-money, the court held, that the purchasers were not entitled to equitable relief.

The representations as to good title alleged to have been made by the administrator in this case were of a general character, and did not relate to any specific matter relating thereto calculated to mislead any one, and the proof in this case about representations, like that in Hawpe v. Smith, were not near so strong as the allegation.

In the case of Walton v. Reager, the justice delivering the opinion, (Roberts,) in his reasoning upon the case of Crayton v. Munger, 9 Tex., 285, advances the idea that a sale by the intestate, though unknown to the administrator and to the purchaser at the time of the sale, would be a fraud upon the purchaser at the administrators' sale. Such was not the case decided that was being quoted; and the remark in the reasoning from it can hardly be warranted by either the previous or subsequent decisions of this court, as a correct rule of law, as applicable to administrators' sales.

We are of opinion that neither the pleadings nor the proof exhibits a good defense in this case, and therefore the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.