Bunnell *v.* Davisson.

No. 9587.

BUNNELL *v.* DAVISSON.

PLEADING.—*Evidence.—Uncertainty.*—The averments of a pleading must be clear and unequivocal; but the evidence in support thereof may be sufficient, though uncertain or ambiguous.

CONTRACT.—*Live-Stock.—Keeper's Lien.—Statute Construed.—Evidence.—Replevin.*—The evidence showed a contract whereby the defendant undertook, for a price stated, to keep fifty head of cattle for the plaintiff in a manner and for a time stated; and that the defendant performed the agreement.

*Held,* in an action of replevin, that the jury was warranted in inferring that the defendant was in the business of feeding live-stock, and accordingly entitled under section 5292, R. S. 1881, to a lien.

SAME.—*Express Stipulation Excludes Implication.*—If a contract for feeding and caring for cattle provides specifically what shall be done in certain particulars, any implication of duty to exercise reasonable care in those particulars is excluded, and the stipulated things must be done.

From the White Circuit Court.

*H. P. Owens* and *W. E. Uhl,* for appellant.

*J. H. Wallace,* for appellee.

WOODS, C. J.—Complaint in replevin by the appellant against the appellee, for the recovery of forty-nine head of cattle; answer of general denial; trial, verdict and judgment for the appellee. The appellant moved for a new trial, because the verdict was contrary to law and to the evidence, and because of alleged error in the instructions given by the court, of its own motion, to the jury.

Upon the proposition that the verdict is not according to the law and the evidence, counsel say : "It was conceded that the appellant was the owner of the cattle, but his right to the possession thereof was denied by the appellee, who claimed the right to hold them on account of a balance due him for taking care of and feeding the cattle, for which he claimed a lien on them ;" and after setting out the statute of January 27th, 1853, see R. S. 1881, section 5292, counsel add : "To entitle one to hold a lien upon live-stock for feed and care, *. * he must show that he is a livery-stable keeper, or that feeding live-stock is his business. * * * The language of the statute is : ' The keepers of livery-stables and all others engaged in feeding horses, cattle,' etc., *i. e., engaged* in the *business* of feeding such live-stock. The case of *Conklin* v. *Carver,* 19 Ind. 226, is directly in point."

In the case referred to the question was one of pleading, not of proof, and it was held that an engagement of a farmer to keep and feed two colts belonging to the plaintiff from November until the ensuing March, it not being averred that the farmer was engaged in the business of keeping and feeding stock, was not within the statute. The question in the case before us is

one of evidence, and the jury may have inferred from the contract between the parties, especially when aided by the circumstances necessarily brought to their attention upon the trial, that such was the business of the defendants. Indeed, the performance of the contract itself, by which the appellee undertook, for $1.25 per head per month, to keep for the appellant fifty head of cattle, " to put them on stock pasture during the day and to put them in a pound at night provided with racks in which to feed straw, and to water, salt and care for them," may well have been thought enough to constitute a business.

The averments of a pleading must be clear and unequivocal, but the evidence in support thereof may be sufficient, though uncertain or ambiguous. *Lemmon* v. *Whitman*, 75 Ind. 318 (39 Am. R. 150).

The court gave a single instruction to the jury, consisting of several unnumbered clauses, one of which the appellant embodied as a cause in his motion for a new trial. His counsel say of it: "The error consists in excluding the question of reasonable care in appellee's treatment of appellant's cattle, on the supposition of a contract between the parties in relation thereto. The instruction says: 'The question is not what should have been reasonable and proper care under the circumstances, provided the parties by their agreement stipulated the extent and character of the care and feed which the defendant should bestow upon the cattle. If you find, therefore, that by the agreement of the parties the defendant agreed to feed and care for the plaintiff's cattle, and the extent and character of the care and feed were agreed upon, the law would require of the defendant a substantial compliance on his part with the terms of the contract, and no more.' * * The defendant" (counsel proceed to say) "may carelessly have suffered the cattle, when the stock pasture was fresh and rich, to have remained upon it too long at a time, whereby they got too much corn, and were scoured and foundered, and thereby injured and reduced in flesh, yet the appellee was not

bound to use such reasonable and proper care as would have prevented such injury."

In addition to the language quoted by counsel, the court instructed, that "if the defendant received the cattle from the plaintiff, agreeing to feed and care for them, without any express agreement as to the extent and character of the care and feed, then the law would imply a promise on his part that he should bestow such reasonable care and attention in caring for and feeding the cattle as ordinarily prudent stock feeders and farmers would bestow upon stock of this kind. The question as to the nature of the contract made, if any, as well as the question of its fulfilment, is for the jury to determine from the evidence."

The substance of the instruction complained of is, that an express stipulation excludes an implication upon the same point; that if it was explicitly agreed just what the defendant should do in taking care of the cattle, as that in the daytime he should keep them on stock pasture, and in the nighttime in pounds supplied with racks of straw, it would necessarily follow that in these respects the defendant was bound by the express stipulations; and if, by reason of the stalks being fresh and too rich, the cattle injured themselves by eating too much, the defendant is not responsible for the consequences. This must be right. If the defendant, in the exercise of that care which the appellant now insists he was bound to employ, had admitted the cattle into the stock fields for parts only of each day, and had kept them to the straw ricks the remainder of the time, and the appellant had been discontented with the result, it could hardly have been permitted the defendant to plead the exercise of care, according to his own judgment, as an excuse for the breach of his express agreement. The rule must work both ways.

We conclude that in respect to the particular objection made to it, the instruction as a whole could not have harmed the appellant.

Judgment affirmed.