Opinion by
White, P. J.
§ 8. Caveat emptor; quere as to application of rule of, to administrator’s deed. Whether or not the doctrine of caveat emptor applies to an administrator’s deed to land, which is so imperfect in its description of the land sold as that it may be said to convey nothing, or which is so uncertain in its description as that it cannot be brought within the maxim, “id cerium est quod cerium reddi potest,” is a question presented in this case, but not determined. As bearing upon the subject, the following cases are cited in the opinion: Lynch v. Baxter, 4 Tex. 431; Edmundson v. Hart, 9 Tex. 554; Williams v. McDonald, 13 Tex. 322; Thompson v. Hunger, 15 Tex. 523; Walton v. Eeagan, 20 Tex. 103; Hawpe v. Smith, 25 Tex. Sup. 448; Ward v. Williams, 45 Tex. 617.
§ 9. Administrator; duty of, in giving deed. An administrator, in conveying land, should always give as good and perfect a description of the premises intended *20 to be conveyed as he reasonably can, and when the purchaser is in a condition to demand this duty of him, doubtless the law will afford him an ample remedy to enforce it. •
October 13, 1883.
§ 10. Purchaser of land at administrator’s sale; rules as to rights of. A purchaser of land at an administrator’s sale is in no condition to demand a deed to the land until he has complied with the terms of the sale; nor can the administrator execute to him a valid deed until such compliance. A compliance with the terms of the sale is a condition precedent to the purchaser’s right to a deed. [R. S. art. 2091a.]
§ 11. Same; liability of, for failure to comply. At a sale of lands belonging to an estate, Akin purchased two tracts. The administrator tendered Akin a deed to the same, which Akin refused to accept, upon the ground that the land was not sufficiently described therein, and he refused to comply with the terms of the sale. The administrator resold the land, and failing to get as much for it on the second sale as Akin had bid for it on the first sale, he sued and obtained judgment against Akin for the difference, etc., and for ten per cent, damages. Held, that the judgment was correct.
Affirmed,