Langsdale *v.* Woollen, Administrator.

No. 9473.

## LANGSDALE *v.* WOOLLEN, ADMINISTRATOR.

PLEADING.—*Complaint to Annul Letters of Administration.—Paragraph Bad for Uncertainty.—Paragraph Showing Assets.*—A paragraph of complaint in an action to annul letters of administration on the ground of there being no assets of the estate within the jurisdiction of the court when the administrator was appointed, alleging that no assets or property of the decedent had come into the county, and if so the same had been administered before the appointment of the administrator, is bad for uncertainty; also, a paragraph is bad showing indebtedness under judgment upon suit brought by the administrator, whose letters of administration it is sought to annul for the reason that there are no assets.

DECEDENTS' ESTATES.—*Preceding Administrator.—Inability to Discover Assets.—Administrator, Appointment of, de bonis non.*—That a preceding administrator is unable to discover assets belonging to the estate, will not prevent the appointment of an administrator *de bonis non.*

SAME.—*Common Pleas Court.—Presumption of Jurisdiction.*—Jurisdiction of the common pleas court, a court of general jurisdiction of matters probate at the time of the appointment of the administrator herein, in the absence of a showing to the contrary, will be presumed.

From the Marion Circuit Court.

*J. A. New, J. W. Jones, A. C. Ayres, E. A. Brown, J. M. Winters, R. Denny* and *J. R. McFee,* for appellant.

*W. W. Woollen, Jr.,* for appellee.

BERKSHIRE, J.—This was an action in the court below, instituted by the appellant against the appellee to annul the letters of administration issued to the latter, and to remove him from his trust.

The complaint contains two paragraphs, to which separate demurrers were filed and sustained by the court, and the proper exceptions reserved. Judgment was rendered for want of a sufficient complaint, and from that judgment the appellant appeals, assigning as error the ruling of the court below in sustaining the demurrers to the paragraphs of the complaint.

There is not a great deal of difference in the two paragraphs of complaint. The first paragraph alleges that John Crowder, the decedent, departed this life intestate, in the year 1854, in the Dominion of Canada, and the appointment in a reasonable time thereafter of an administrator at the place of his death; that he had no estate of any character or kind in the county of Marion, or State of Indiana, on the 28th day of September, 1855, to be administered, but, notwithstanding, on that day one George W. Mears was appointed administrator of said estate by the court of common pleas for Marion county, State of Indiana; and continued in that capacity until the year 1858, when his resignation was accepted by the court; that in the same year, there being no assets of said decedent in the county of Marion, or in the State of Indiana, at the time of said Mears' appointment, and none having come into the State afterwards, or if so the same were fully administered by said Mears; by the same court one Alexander Graydon was appointed administrator *de bonis non* of said estate, and continued as such until the 13th day of March, 1863, at which time he reported to the court that he had made search for property and could find

nothing, and asked to be discharged; that his report was approved, and he was finally discharged from his trust, and the said estate discontinued; that on the 27th day of March, 1874, there never having come into the county of Marion, or State of Indiana, any assets or property of said decedent, and if so the same having been fully administered, on his own application the appellee was appointed, by the probate court, administrator *de bonis non* of said estate; that during the administration of said Mears and said Graydon, respectively, a suit was instituted against the appellant to recover a balance claimed to be due arising out of the sale and purchase of a certain farm, but that such proceedings were afterwards had that the said suit was, by the said administrator, dismissed, and no further steps taken by them; that when said appellee was appointed as such administrator said estate had been fully settled and discontinued, and that said court in making said appointment acted without its jurisdiction.

The only difference in the two paragraphs of the complaint is that in the second paragraph there is the additional averment that in the action brought by the appellee against the appellant a judgment was recovered on the — day of January, 1881, for the sum of $2,032.52. One of the elementary rules of pleading is, that the averments in a pleading must be clear and unequivocal. *Bunnell* v. *Davisson*, 85 Ind. 557.

"The pleader is not at liberty to leave his pleading open to different constructions, and then take his choice between them." *Van Etten* v. *Hurst*, 6 Hill, 311 (41 Am. Dec. 748); *United States* v. *Linn*, 1 Howard (U. S.), 104; *Atwood* v. *Caswell*, 19 Pick. 493.

Facts must be stated directly and positively, and not indirectly nor in the alternative. *Stonsel* v. *Abrams*, 7 Blackf. 516; *Stone* v. *Graves*, 8 Mo. 148 (40 Am. Dec. 131); *Thompson* v. *Munger*, 15 Texas, 523 (65 Am. Dec. 176).

Neither paragraph avers in positive terms that there were no assets belonging to the estate within Marion county when

the several administrators were appointed. Taking the averments altogether, they neither deny nor affirm that there were assets, but allege that if there were any they had been fully administered before the appellee received his appointment.

It is averred that after the appellee had been appointed he brought an action against the appellant upon the same alleged cause of action upon which Mears and Graydon had sued him while they were acting as administrators, and in the first paragraph it is alleged that the action is still pending; in the second paragraph it is alleged that the action had been prosecuted successfully, and a judgment rendered for $2,032.52, and though, as a conclusion of the pleader, it is alleged that the estate had been finally settled when the appellee received his letters as administrator, the facts stated do not bear out the conclusion, but show simply that the preceding administrators had failed to discover assets belonging to the estate, and were by the court discharged from further execution of the trust, and the estate discontinued.

We can not well understand how there could have been a final settlement of the estate, within the meaning of the statute, where no assets had been discovered on which to administer. Section 112, 2 G. & H. 517; *Langsdale* v. *Woollen*, 99 Ind. 575; *Roberts* v. *Spencer*, 112 Ind. 85.

It does not appear by positive averment that the appellant, during the time that the different administrators were seeking to enforce the claim which they asserted was due from him to their trust, was a resident of Marion county, Indiana, but there is no averment to the contrary; and from the facts and circumstances that are averred it is evident that he was a resident of said county. It is averred, among other things, that he was three times sued upon the claim in the courts of that county, and that he at no time claimed that that was not the county in which he resided.

If the appellant was a resident of Marion county, and he

Langsdale *v.* Woollen, Administrator.

was indebted to the estate as claimed, then there were assets in the county of Marion, State of Indiana, belonging to the estate to be administered, and the court of that county, which exercised probate jurisdiction, had jurisdiction to appoint an administrator to administer upon those assets.   *Langsdale* v. *Woollen, supra;* 2 G. & H. 494, section 34 ; *Cureton* v. *Mills,* 13 S. C. 409 (36 Am. Rep. 700); *Kelly* v. *Kelly,* 9 Ala. 908 (44 Am. Dec. 469).

The presumption must be in favor of the jurisdiction of the common pleas court of Marion county, it being the court that exercised jurisdiction of all matters of probate at the time each of the said administrators was appointed, and being as to such matters a court of general jurisdiction.   *Doe* v. *Bowen,* 8 Ind. 197 ; *Doe* v. *Harvey,* 3 Ind. 104 ; *Gerrard* v. *Johnson,* 12 Ind. 636 ; *Spaulding* v. *Baldwin,* 31 Ind. 376 ; *Walker* v. *Hill,* 111 Ind. 223.; *Lantz* v. *Maffett,* 102 Ind. 23 ; *Valle* v. *Fleming,* 19 Mo. 454 ; *Sims* v. *Gay,* 109 Ind. 501.

We are of the opinion that the first paragraph of the complaint is bad, because it does not allege that there were no assets belonging to said estate when the appellee was appointed administrator within the jurisdiction of the court, but the averments as to that important and jurisdictional fact are equivocal, and leave the mind in a state of uncertainty as to whether there were or were not assets within the jurisdiction of the court.

The second paragraph of the complaint is bad, not only for the reasons stated as to first paragraph, but because it shows, *prima facie* at least, that the appellant was indebted to the appellee's intestate in the sum of $2,032.52.

The court committed no error in sustaining the demurrers to the two paragraphs of complaint.

Judgment affirmed, with costs.

.ELLIOTT, C. J., took no part in the decision of this case.

Filed May 28, 1889; petition for a rehearing overruled Sept. 24, 1889.